**CALLAHAN & BLAINE, APLC**
Michael J. Sachs (SBN 134468)
MJS@callahan-law.com
Jason Casero (SBN 263933)
jcasero@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff EVOX PRODUCTIONS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>WILLIAM MARSH RICE UNIVERSITY,<br><br>UNIVERSITY OF MICHIGAN,<br><br>BAYLOR COLLEGE OF MEDICINE; and<br><br>DOES 1-10,<br><br>　　　　　　Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR:**<br><br>**(1)　DIRECT COPYRIGHT INFRINGEMENT**<br><br>**(2)　CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT

Plaintiff EVOX Productions LLC ("**Plaintiff**" or "**EVOX**") brings this complaint against The Leland Stanford Junior University ("**Stanford**"), William Marsh Rice University ("**Rice**"), University of Michigan ("**Michigan**") , and Baylor College of Medicine ("**Baylor**"), and DOES 1-10 (collectively, "**Defendants**"), and alleges as follows:

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

1. This Court has subject matter jurisdiction over the copyright claim pursuant to 17 U.S.C. Section 501, *et seq.*, and 28 U.S.C. Sections 1331 and 1338(a).

### Personal Jurisdiction: Stanford

2. This Court may exercise personal jurisdiction over Stanford because it is a California Statutory Corporation organized under the laws of California, and upon information and belief, is headquartered in Stanford, California.

### Personal Jurisdiction: Rice, Michigan, and Baylor

3. This Court may exercise personal jurisdiction over Rice, Michigan, and Baylor because, as it relates to the dispute alleged herein, they purposely directed their infringing activities here.

4. Specifically, these Defendants sought to collaborate with Stanford in this forum in a manner that resulted in the infringement of EVOX's copyrights.

5. Moreover, by appropriating EVOX's copyrighted materials without license or authorization, these Defendants knew or should have known that their actions were likely to cause harm to EVOX, which is domiciled in California.

6. In addition, the exercise of personal jurisdiction over these Defendants is not unreasonable because, upon information and belief, they direct significant resources toward the state of California to solicit and recruit students that are residents of California.

7. EVOX is informed and believes that these Defendants derive a

1  substantial amount of revenue from tuition paid by California residents that they
2  successful recruit.
3      8.    EVOX is informed and believes that these Defendants purposely
4  partnered with Stanford in this forum in order to strengthen their standing in the
5  highly competitive market for students focused on building technology careers in
6  Northern California in general, and Silicon Valley in particular.
7      9.    Additional discovery will inevitably expose additional contacts with
8  this forum that are sufficient to justify the exercise of jurisdiction over all
9  Defendants.

**Venue**

10
11     10.   Venue for EVOX's copyright claim is proper in the District pursuant to
12  28 U.S.C. Section 1400(a) because, as alleged herein, Defendants are amenable to
13  personal jurisdiction here.

**PARTIES**

14
15     11.   EVOX is a Delaware limited liability company with its principal place
16  of business in Chino, California.
17     12.   Stanford is a California Statutory Corporation organized under the laws
18  of California.
19     13.   Upon information and belief, Baylor College of Medicine is a
20  university registered and based in Texas.
21     14.   Upon information and belief, University of Michigan is a university
22  registered and based in Michigan.
23     15.   Upon information and belief, Rice University is a university registered
24  and based in Texas.
25     16.   The true names and capacities of Defendants named herein as DOES 1
26  through 10 are unknown to EVOX, who therefore sues them by fictitious names.
27  EVOX will amend this Complaint to allege the true names and capacities when
28  ascertained.

17. Upon information and belief, in performing the acts or omissions described in this Complaint, Stanford, Baylor, Michigan, and Rice, and each of the DOE defendants were acting as the principal, representative, agent, employee or alter ego of each other, and were acting within the scope of such agency or employment to commit the acts alleged herein.  Each defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors.  Each defendant contributed to EVOX's damages and the statutory violations alleged herein.

## NATURE OF THE ACTION

18. EVOX has been a pioneer in the industry of automobile photography for over 25 years.  During that time, it has meticulously catalogued the highest quality still images, interactive images, and videos of several thousand vehicle makes and models.  EVOX licenses these images to a variety of entities in the automobile industry.

19. Given the proprietary methods that EVOX uses to maintain the consistency of its images, each image is a valuable intellectual property asset.  Indeed, each of its images can be individually licensed.  Accordingly, EVOX protects each image in its library with copyright registration.

20. In or around September 2020, EVOX discovered that a consortium comprised of Defendants' representatives (the "**Consortium**") reproduced, distributed, and publicly displayed EVOX's copyrighted images without license or authorization.  This action ensues.

## SPECIFIC ALLEGATIONS

### EVOX Develops a Comprehensive Library of Standardized Images That Are Each Protected By A Unique Copyright Registration

21. Over 20 years ago, EVOX began developing a standardized set of high-quality digital images ("**Images**") for every vehicle commercially available.  Each year, it adds Images of approximately 500 new vehicles – representing all newly

released makes, models, and trims.

22. EVOX's photography team created a comprehensive set of interior, exterior, and interactive Images for each of the vehicles. The process includes an intensive post-production review.

23. Over the years, EVOX has refined its process to such a degree that its images are widely regarded as the highest-quality digital automotive images in the industry. Each EVOX Image can be separately licensed.

24. Given their independent value, EVOX protects its intellectual property rights by securing Certificates of Copyright Registration from the Register of Copyrights for each Image. Today, EVOX owns and maintains the copyrights in more than one million Images pursuant to the United States Copyright Act.

## **EVOX Learns that the Consortium is Using EVOX's Copyrighted Images Without License or Authorization**

25. To protect its valuable intellectual property, EVOX has procedures in place to monitor the internet for the unauthorized use of its copyrighted Images in order to protect its licensing business.

26. In or around September 2020, EVOX discovered that the Consortium had scoured the internet in order to gather images of vehicles. Among the images that the Consortium had collected were EVOX's copyrighted Images.

27. The Consortium was comprised of representatives from the following university departments:

- Stanford University, Artificial Intelligence Laboratory, Computer Science Department;
- University of Michigan, Vision and Learning Laboratory, Computer Science and Engineering Department;
- Baylor College of Medicine, The Center for Genome Architecture, Department of Genetics; and
- Rice University, the Center for Genome Architecture, Department

- 5 -
COMPLAINT

of Computational and Applied Mathematics.

28. Based upon EVOX's investigation, the Consortium initially used the images it gathered to develop a computer program.

**The Consortium Reproduces, Distributes, and Publicly Displays**
**EVOX's Copyright Images as the "Stanford Cars Dataset"**

29. After the Consortium had completed its work, it made 11,364 of EVOX's Images publicly available from the following links at Stanford's website:

http://imagenet.stanford.edu/streetview/car_dataset/

http://imagenet.stanford.edu/internal/annotations/annotations.zip

30. EVOX is informed and believes that the copyrighted Images that the Consortium made publicly available on its website were downloaded repeatedly by other users without license or authorization.

31. In fact, it appears that the Consortium's actions have facilitated the unauthorized use of EVOX's copyrighted images for commercial uses.

32. For instance, the company Sighthound is a for-profit company that develops advanced license plate recognition software. It has publicly stated: "After fine-tuning our model on the Stanford Cars training data, we observe that we can achieve better results compared to previously published methods."

33. To date, EVOX has been able to identify the copyright registrations for 7,875 of the 11,364 Images in this first set. Attached as Exhibit A is a listing of the first set of Images, including the uniform resource locator ("URL") where they were located on the Stanford server, and the associated copyright registration number (if it has been located).

**The Consortium Reproduces, Distributes, and Publicly**
**Displays a *Second* Set of EVOX's Copyright Images**

34. EVOX learned that as recently as January 2023, the Consortium made a second set of 225 of EVOX's copyrighted Images publicly available from the following link at Stanford's website:

1  https://ai.stanford.edu/~jkrause/cars/car_dataset.html

2  35.  Although the Consortium had not created the images, it nevertheless
3  branded the images as the "Stanford Cars Dataset."

4  36.  EVOX is informed and believes that the second set of copyrighted
5  Images that the Consortium made publicly available on Stanford's website were
6  downloaded repeatedly by other users without license or authorization.

7  37.  This second set of EVOX's copyrighted Images were later made
8  available from a series of third-party websites. Among them:

9  www.tensorflow.org
10  www.kaggle.com
11  paperswithcode.com
12  datasets.activeloop.ai
13  universe.roboflow.com
14  academictorrents.com
15  pytorch.org
16  aistudio.baidu.com
17  hyper.ai

18  38.  EVOX is informed and believes that the Consortium was aware that
19  these third-party websites had copied the EVOX Images from Stanford's website,
20  and were making them available to the public at large without license or
21  authorization.

22  39.  EVOX is informed and believes that the Consortium took no action to
23  prevent the infringement of EVOX's Images by these third-party websites, even
24  though the Consortium was aware of it.

25  40.  Upon information and belief, the copyrighted Images that were made
26  available on these third-party websites were downloaded repeatedly by other users
27  without license or authorization.

28  41.  To date, EVOX has been able to identify the copyright registrations for

all 225 Images in this second set.  Attached as <u>Exhibit B</u> is a listing of the second set of Images, including the URL where they were located on the Stanford server, and the associated copyright registration number.

### **The Consortium Infringed EVOX's Copyrighted Images Willfully**

42. The facts and circumstances surrounding the Consortium's use of EVOX's copyrighted Images suggests that the Consortium's infringement was willful.

43. For instance, in an article related to the Consortium's use of EVOX's copyrighted Images, the Consortium acknowledged that the use of certain data . . .

> . . . can be constrained by privacy and **copyright concerns** that prevent individual researchers from obtaining the raw data underlying published analyses.

(Emphasis added.)

44. In fact, in an earlier version of the same article, the Consortium's recognition of the copyright concerns was less muted.  There, the Consortium observed that these datasets are . . .

> . . . typically constrained by such **serious** privacy and **copyright concerns** that individual researchers cannot obtain the raw data underlying any given published analysis.

(Emphasis added.)

45. Thus, although the Consortium was obviously aware that certain data may be protected by copyright, and that such protections were "serious," it nevertheless appropriated EVOX's copyrighted Images and subsequently used them without seeking license or authorization.

46. The Consortium was clearly aware that it was collecting images from commercial sources, and that those images may be copyrighted.  In the same article, it acknowledged that it "leveraged e-commerce websites" such as "cars.com" to collect the images.

47. After collecting EVOX's copyrighted Images for its own use, the

Consortium then shared them with others without regard for EVOX's intellectual property rights.

48. The Consortium's conscious infringement of EVOX's copyrighted Images reflects a reckless disregard for intellectual property rights that apparently plagues Defendants' other activities and operations.

49. For instance, an article that was posted on Stanford's website, which was apparently authored by a representative of Stanford, is aptly titled:

> **How I Learned to Love FAIR USE or how to bring a $300,000 lawsuit down to $0 if you're a library, archive, or nonprofit educational institution.**

50. The article appears to reflect an institutional belief that Defendants and other educational institutions need not respect the intellectual property rights of others simply by virtue of their status and privilege.

51. The Defendant members of the Consortium were well-aware that they could have requested permission to use copyrighted material. For instance, Baylor maintains a page on its website that expressly describes the process for "Requesting Permission" from copyright holders before using copyrighted materials without authorization.

52. Rice similarly publishes a page on its website describing "situations requiring a special license or permission from copyright holder."

53. Finally, Michigan also maintains a page on its website with "[e]xplains how to find copyright holders and get permissions to use different copyrighted works."

54. Although Defendants acknowledged the need to seek permission before using copyrighted materials, no members of the Consortium sought permission, license, or authorization from EVOX before using its copyrighted Images and making them available to others.

55. In an effort to resolve the dispute, EVOX and Defendants entered into a tolling agreement effective May 31, 2023 that suspended the running of the statute

of limitation.

## COUNT ONE

### (Copyright Infringement – 17 U.S.C. § 501, *et seq*.)

56. EVOX re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

57. Each of the Images is an original pictorial work and constitutes copyrightable subject matter pursuant to 17 U.S.C. §§ 101 and 102.

58. Defendants were not, and are not, licensed or otherwise authorized to reproduce, distribute, publicly display, or make available the Images.

59. Defendants infringed EVOX's copyrights by reproducing, distributing, publicly displaying, and making available EVOX Images without license or authorization.

60. First, Defendants violated EVOX's exclusive right of reproduction when they, among other things, gathered EVOX's copyrighted Images and assembled them into a dataset on Defendants' servers.

61. Second, Defendants violated EVOX's exclusive right of distribution when they, among other things, copied EVOX's copyrighted Images and made them available to the public at large.

62. Third, Defendants violated EVOX's exclusive right of public display when they, among other things, made EVOX's copyrighted Images available for download by others from Defendants' servers.

63. EVOX is informed and believes that the Defendants' infringement of EVOX's copyrights was willful. Defendants were aware that copyrighted materials could not be used without license or authorization, and yet they used EVOX Images anyway.

64. EVOX has been damaged by Defendants' willful infringement in an amount to be determined.

## COUNT TWO

### (Contributory Copyright Infringement – 17 U.S.C. § 501, *et seq*.)

65. EVOX re-alleges the allegations in the preceding paragraphs as though fully set forth herein.

66. Defendants are liable for contributory infringement because they knowingly induced others to violate EVOX's copyrights by reproducing, distributing, publicly displaying, and making available EVOX Images without license or authorization.

67. Specifically, Defendants made EVOX's copyrighted Images available on Defendants' servers with the expectation that the Images would be reproduced, distributed, and publicly displayed by other third-party websites.

68. EVOX has confirmed that third-party websites copied the EVOX Images available from Defendants' servers and infringed EVOX's copyrights.

69. EVOX is informed and believes that Defendants were aware of this infringement by the third-party websites, and encouraged it to advance their own interests.

70. EVOX is informed and believes that third parties who retrieved EVOX's Images from Defendants' servers have used them to develop commercial products.

71. EVOX has been damaged by Defendants' contributory infringement in an amount to be determined.

## PRAYER FOR RELIEF

WHEREAS, EVOX prays for relief as follows:

1. For maximum statutory damage with respect to each copyrighted work infringed, or such other amounts as may be proper pursuant to 17 U.S.C. § 504(c). Alternatively, EVOX, at its election, is entitled to damages and/or wrongful profits pursuant to 17 U.S.C. § 504(b) for each separate infringement.

2. For pre-judgment and post-judgment interest.

3. For EVOX's costs in this action, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

4. For such other and further relief as is just and proper.

DATE: December 31, 2024         **CALLAHAN & BLAINE, APLC**

By: */s/ Jason Casero*
Michael Sachs
Jason Casero
Attorneys for Plaintiff EVOX PRODUCTIONS LLC

- 12 -
COMPLAINT

# DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff EVOX demands a trial by jury on all issues triable by jury.

DATE:  December 31, 2024          **CALLAHAN & BLAINE, APLC**

By:   /s/ Jason Casero
Michael J. Sachs
Jason Casero
Attorneys for Plaintiff EVOX PRODUCTIONS LLC