United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVOX PRODUCTIONS, LLC,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR
UNIVERSITY, et al.,

Defendants.

Case No. 24-cv-09521-NW

**ORDER GRANTING JOINT MOTION
TO DISMISS AND GRANTING IN
PART AND DENYING IN PART
MOTION TO DISMISS**

Re: ECF Nos. 28, 29, 54

Plaintiff, EVOX Productions LLC's ("EVOX"), sued The Leland Stanford Junior University ("Stanford"), William Marsh Rice University ("Rice"), Baylor College of Medicine ("Baylor"), and the University of Michigan ("Michigan") for copyright infringement. Plaintiff has since dismissed Michigan. The Court refers to Stanford, Rice, and Baylor collectively as Defendants.

On February 28, 2025, Rice and Baylor jointly moved to dismiss EVOX's complaint. ECF No. 29. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the July 30, 2025 hearing, and GRANTS the joint motion.

Also on February 28, 2025, Defendant Stanford filed a motion to dismiss. ECF No. 28. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the July 30, 2025 hearing, and DENIES the motion in part and GRANTS the motion in part.

Because the Court vacates the hearing on Defendants' motions, Defendants Rice and Baylor's administrative motion to appear remotely, *see* ECF No. 54, is TERMINATED as moot.

## I.   BACKGROUND

### A.   Factual Background[1]

On December 31, 2024, Plaintiff brought the instant lawsuit for copyright infringement against several universities including Stanford, Baylor, Rice, and Michigan.  Among other things, Plaintiff alleges Defendants "reproduced, distributed, and publicly displayed EVOX's copyrighted images without license or authorization."  Compl. ¶ 20, ECF No. 1.

Starting over 20 years ago, EVOX began developing a standard set of digital images of every commercially available vehicle.  Annually EVOX adds images of about 500 new vehicles to represent all newly released makes, models, and trims.  Each image can be separately licensed.

In about September 2020, EVOX discovered that Defendants had combed the internet for images of vehicles.  EVOX alleges Defendants collected these images, used them to develop a computer program, and then wrote an article[2] about the project.

After collecting the images, Defendants made over ten thousand images publicly available on Stanford's website.  EVOX alleges that Defendants' "actions have facilitated the unauthorized use of EVOX's copyrighted images for commercial uses."  Compl. ¶ 31.  In particular, EVOX alleges its images were downloaded by website users without license or authorization and later made available on a number of third-party websites.

EVOX alleges both direct and contributory copyright infringement.  Regarding direct infringement, EXOV alleges:

- Each image is copyrighted and owned by EVOX;

- "Defendants were not, and are not, licensed or otherwise authorized to reproduce, distribute, publicly display, or make available the Images."

- "Defendants infringed EVOX's copyrights by reproducing, distributing, publicly displaying, and making available EVOX Images without license or authorization."

- "Defendants violated EVOX's exclusive right of reproduction when they, among other

---

[1] The factual background here is drawn from EVOX's complaint.  *See* Compl., ECF No. 1.
[2] In support of its motion to dismiss, Stanford requests that the Court incorporate this article by reference.  Stanford MTD at 2 n.1.  Because the Court did not rely on this source in resolving the motion, the Court declines to rule on this request at this time.

things, gathered EVOX's copyrighted Images and assembled them into a dataset on Defendants' servers."

- "Defendants violated EVOX's exclusive right of distribution when they, among other things, copied EVOX's copyrighted Images and made them available to the public at large."

- "Defendants violated EVOX's exclusive right of public display when they, among other things, made EVOX's copyrighted Images available for download by others from Defendants' servers."

Compl. ¶¶ 57-62.

EVOX alleges that a consortium of Defendants' representatives "reproduced, distributed, and publicly displayed EVOX's copyrighted images without license or authorization." Compl. ¶ 20. In particular, the complaint states that "Defendants sought to collaborate with Stanford in this forum in a manner that resulted in the infringement of EVOX's copyrights." *Id.* ¶ 4. EVOX believes "Defendants purposely partnered with Stanford in this forum in order to strengthen their standing in the highly competitive market for students focused on building technology careers in Northern California." *Id. ¶* 8.

**B.    Procedural History**

Shortly after filing suit, in mid-January 2025, EVOX served its complaint for copyright infringement against Stanford, Baylor, Rice, and Michigan. The parties stipulated to an extension of time for all the defendants to respond to the complaint but before then, EVOX voluntarily dismissed Michigan. On February 28, 2025, Stanford filed a motion to dismiss. Stanford Mot. to Dismiss, ECF No. 28 ("Stanford MTD"). Separately from Stanford but jointly as to each other, Rice and Baylor also filed a motion to dismiss on February 28, 2025. Joint Mot. to Dismiss, ECF No. 29 ("Joint MTD"). On March 14, 2025, EVOX responded to both motions. Opp'n to Stanford MTD, ECF No. 40; Opp'n to Joint MTD, ECF No. 41. On March 21, 2025, Stanford, Rice, and Baylor all replied to EVOX's oppositions. Stanford Reply, ECF No. 49; Joint Reply, ECF No. 47.

United States District Court
Northern District of California

**II.      DISCUSSION**

Collectively, Defendants contend that Plaintiff's complaint should be dismissed due to lack of standing, lack of personal jurisdiction over Rice and Baylor, and Plaintiff's failure to state a claim.

**A.      Article III Standing**

"In the absence of standing, a federal court lacks subject matter jurisdiction over the suit." *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) (quotations omitted).  To demonstrate Article III standing, a plaintiff must show an injury, trace that injury to the defendants' conduct, and prove that courts can provide adequate redress for the injury.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).  A plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Id.* at 560.  For an injury to be particularized, it "must affect the plaintiff in a personal and individual way."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016).  "[A]n injury in law is not an injury in fact. Only those plaintiffs who have been ***concretely harmed*** by a defendant's statutory violation may sue that private defendant over that violation in federal court."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis added).  "The most obvious are traditional tangible harms, such as physical harms and monetary harms. If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."  *Id.* at 425.

Stanford alleges that EVOX lacks standing to bring its direct copyright infringement claims for the alleged use of its images to develop and train a computer model and in a published academic research paper because EVOX has not been concretely harmed.  Stanford MTD at 8.  In support, Stanford relies on *Raw Story Media, Inc. v. OpenAI, Inc.*, 756 F. Supp. 3d 1 (S.D.N.Y. 2024), *reconsideration denied sub nom. In re OpenAI, Inc., Copyright Infringement Litig.*, No. 24-CV-01514, 2025 WL 1707564 (S.D.N.Y. June 18, 2025).  Stanford MTD at 6-7.  In *Raw Story Media*, the court found the plaintiff lacked standing because the removal of copyright management information alone was not a concrete injury.  *Raw Story Media, Inc.*, 756 F. Supp. 3d at 6.  EVOX argues *Raw Story Media* is distinguishable and that is its allegations of violations to EVOX's

4

rights under the Copyright Act confer standing.

Stanford's arguments are unavailing. "Central to assessing concreteness is whether the asserted harm has a "close relationship" to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021) (citing *Spokeo, Inc.*, 578 U.S. at 340-41). A copyright owner enjoys certain exclusive rights of reproduction, creation of derivative works, and licensing. *See* 17 U.S.C. § 106. Here, unlike the plaintiff in *Raw Story Media*, EVOX plausibly alleges a monetary harm, as "each of its images can be individually licensed" and Defendants "reproduced, distributed, and publicly displayed EVOX's copyrighted images without license or authorization." Compl. ¶¶ 19-20. Defendants' alleged infringement deprived EVOX of its right to license its copyrighted images for a fee.

Based on the foregoing, the Court denies Stanford's motion to dismiss for lack of standing.

### B.    Personal Jurisdiction

"It is the plaintiff's burden to establish jurisdiction." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). When a district court acts without hearing testimony or making findings of fact, "the plaintiff need only make a prima facie showing of jurisdiction" to survive a jurisdictional challenge on a motion to dismiss. *Id.* While the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal quotation marks omitted), the Court must resolve conflicts between the facts contained in the parties' affidavits in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

#### 1.    California Personal Jurisdiction

There are two types of personal jurisdiction – general and specific jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014) (internal quotations, citations, and alterations omitted). EVOX does not contend that Rice and Baylor are "at home" in California, *see* Opp'n to Joint MTD at 4

United States District Court
Northern District of California

United States District Court
Northern District of California

(addressing only specific personal jurisdiction), therefore, only specific jurisdiction is at issue.

Specific jurisdiction must comport with the forum state's long-arm statute, and with constitutional requirements of due process. *Ziegler*, 64 F.3d at 473; *Daimler AG*, 571 U.S. at 126. California's long-arm statute extends jurisdiction to the limits imposed by the Due Process Clause. Cal. Civ. Proc. Code § 410.10; *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long-arm statute . . . is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same.").

Due process limits a court's power to "render a valid personal judgment against a nonresident defendant." *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted); *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.") (internal quotations omitted).

Specific jurisdiction exists if: (1) the defendant has performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business in California; (2) the plaintiff's claims arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)). "The plaintiff bears the burden on the first two prongs, but once both are established, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (internal citations omitted) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008)).

Where a case sounds in tort, as it does here, courts "employ the purposeful direction test,"

or "effects test" in evaluating whether the defendant purposefully availed itself of the forum. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) ("Under our precedents, the purposeful direction or availment requirement for specific jurisdiction is analyzed in intentional tort cases under the 'effects' test"). To meet the test, the "defendant must have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).

### a.    Intentional Action

Under the first prong, EVOX must show that Rice and Baylor committed an intentional act. *Schwarzenegger*, 374 F.3d at 806. To satisfy the intentional act prong, "the defendant must act with the 'intent to perform an actual, physical act in the real world.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (citation omitted). "The threshold of what constitutes an intentional act is relatively low." *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1233 (N.D. Cal. 2014).

Here, EVOX contends that Rice and Baylor intentionally acted by violating EVOX's copyrights through the unlicensed and unauthorized reproduction, distribution, and public display of EVOX's copyrighted images. Compl. ¶¶ 59-62. Rice asserts that it "has not undertaken any action targeting EVOX or its copyrights works, in California or elsewhere." Dittmar Decl. ¶ 15. In particular, Rice states that it is "not aware of the alleged 'Consortium' existing among the university defendants" or the "partnership" with Stanford. *Id.* ¶ 6. Rice also maintains that it "has no reason to believe any datasets . . . are, or ever were, hosted or stored on a computer or server belonging to Rice." *Id.* ¶ 10. Similarly, Baylor attests it "has not undertaken any action targeting EVOX or its copyrighted works, in California or elsewhere." Smith Decl. ¶ 14. Baylor too is unaware of the alleged "Consortium" or partnership with Stanford. *Id.* ¶ 6.

Copyright infringement, including the reproduction, distribution, and public display of copyrighted images within the forum, is an intentional act. *Axiom Foods, Inc.*, 874 F.3d at 1069. However, in light of Rice and Baylor's affidavits, it is plausible that neither university was involved in the unlicensed and unauthorized reproduction, distribution, and public display of

7

EVOX's copyrighted images.  As such, the Court resolves this element in EVOX's favor, as it must, and finds Rice and Baylor intentionally acted.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (stating that "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor").

### b.      Express Aim

Under the second prong, EVOX must demonstrate that Rice and Baylor "expressly aimed" their intentional acts at the forum.  *Schwarzenegger*, 374 F.3d at 802.  The central question for evaluating if an action was "expressly aimed" is whether the defendant "reached out beyond its home—by, for example, exploiting a market in the forum state."  *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quotations and alterations omitted).  A defendant does not purposefully direct its activities at the forum state when the unilateral activity of the plaintiff or a third party is all that connects the defendant to the forum state.  *See Walden*, 571 U.S. at 284–85 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 291–92).

EVOX argues that Rice and Baylor "collaborated with their co-defendant, Stanford—a well-established California university—to infringe EVOX's copyrights."  Opp'n to Joint MTD at 6 (citing Compl. ¶¶ 12, 17, 26-27).  EVOX further argues that Rice and Baylor, together with Stanford, "(*i.e.*, the 'Consortium') uploaded EVOX's copyrighted images to Stanford's servers so that they could be distributed to the public at large."  *Id.* (citing Compl. ¶¶ 29-30).  Rice and Baylor counter that these allegations are contradicted by affidavit.  Joint Reply at 13.

But EVOX cannot survive a motion to dismiss simply by alleging a "collaboration."  *Schwarzenegger*, 374 F.3d at 800 (a plaintiff cannot "simply rest on the bare allegations of its complaint").  Given Rice and Baylor's affidavits, an unsupported allegation of a "partnership" or "consortium" is not enough.  While the court must presume allegations in the complaint are true, it cannot "assume the truth of allegations in a pleading which are contradicted by affidavit."  *CollegeSource, Inc.*, 653 F.3d at 1073.  EVOX had an obligation to identify something in support of its allegations of collaboration, and it failed to do so.

"Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*,

United States District Court
Northern District of California

647 F.3d 1218, 1231 (9th Cir. 2011). Instead, the Court's analysis turns on whether there is "'something more'—conduct directly targeting the forum." *Id*. at 1229; *Briskin v. Shopify, Inc.*, 135 F.4th 739, 758 (9th Cir. 2025).

Here, EVOX lacks the "something more" that ties Rice and Baylor to California. EVOX's assertion that Rice and Baylor collaborated with Stanford in a Consortium of universities is unavailing. Neither Rice nor Baylor are aware of any "Consortium" or partnership with Stanford. Dittmar Decl. ¶ 6; Smith Decl. ¶ 6. Without such an awareness, EVOX's allegation that the Consortium "made 11,364 of EVOX's images publicly available" through "links at Stanford's website" collapses. Compl. ¶ 29. Indeed, both Rice and Baylor assert that they have "no reason to believe any datasets . . . are, or ever were, hosted or stored on a computer or server" belonging to either university. Dittmar Decl. ¶ 10; Smith Decl. ¶ 10. Further, the complaint alleges that EVOX's images were in "a dataset on Defendants' servers" and "available for download by others from Defendants' servers." Compl. ¶¶ 60, 62. These allegations are directly contradicted by Rice and Baylor's affidavits and thus cannot be assumed to be true. *Mavrix Photo, Inc.*, 647 F.3d at 1223. There is nothing in the complaint or otherwise that Rice and Baylor "collaborated with their co-defendant, Stanford—a well-established California university—to infringe EVOX's copyrights" or "uploaded EVOX's copyrighted images to Stanford's servers so that they could be distributed to the public at large." Opp'n to Joint MTD at 6.

EVOX fails to meet its burden to demonstrate that Rice or Baylor expressly aimed its conduct at California. The Court therefore lacks specific personal jurisdiction over Rice and Baylor.[3]

### 2.    Jurisdictional Discovery

EVOX asks that the Court allow it to conduct targeted discovery to allow development of "the facts relevant to the jurisdictional analysis." Opp'n to Joint MTD at 7. In particular, EVOX wants "to determine the extent of participation exercised by Defendants' representative in collaborating with California-based contacts, and ultimately infringing EVOX's copyrights by

---

[3] Because EVOX has not met its burden with respect to the second prong of the purposeful direction test, the Court need not reach the last prong. *Axiom Foods, Inc.*, 874 F.3d at 1071.

cooperating in the reproduction, distribution, and display of EVOX's copyright images from California-based servers." *Id.* at 8.

"A district court is vested with broad discretion to permit or deny discovery." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006).

Here, EVOX's claim of personal jurisdiction is both attenuated and based on allegations that both Rice and Baylor have denied. On the one hand, EVOX alleges copyright infringement through the unlicensed and unauthorized reproduction, distribution, and public display of EVOX's copyrighted images on Stanford's website. Compl. ¶¶ 59-62. Yet, EVOX's allegations vis-à-vis Rice and Baylor's involvement in that unlicensed and unauthorized reproduction, distribution, and public display hinge on a distant, and unexplained collaboration with Stanford. Second, Rice and Baylor firmly deny the allegations that they partnered with Stanford. As such, they could not have participated in the uploading of EVOX's copyrighted images to Stanford's servers.

The Court denies EVOX's request for jurisdictional discovery, grants Rice and Baylor's motion to dismiss for lack of personal jurisdiction, and dismisses EVOX's claims against them without leave to amend.

### C.    Failure to State a Claim

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no

United States District Court
Northern District of California

10

request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### 1. Direct Infringement

The Copyright Act grants a copyright holder exclusive rights to use and authorize the use of her work in several ways. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 432-33 (1984). "This protection has never accorded the copyright owner complete control over all possible uses of his work." *Id.* at 432. In particular, "[a]ny individual may reproduce a copyrighted work for a 'fair use;' the copyright owner does not possess the exclusive right to such a use." *Id.* at 433. Section 107 of the Copyright Act protects use of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research," as "fair use." 17 U.S.C. § 107. Such uses are not an infringement of copyright. *Id.* "Fair use" is an affirmative defense and places the burden on the accused infringer to show how the use was fair. *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012).

While a mixed issue of law and fact, fair use can be decided on a motion to dismiss when no material facts are in dispute. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008). This requires considering all the allegations as true to determine if they support a finding of fair use. *Id.*

Here, Stanford asserts that its use of "Plaintiff's images to (a) create a dataset, (b) develop and train a computer model designed to identify the makes and models of vehicles parked on public streets, and (c) publish research papers discussing this project and its potential applications" was fair. Stanford MTD at 10. As such, Stanford seeks dismissal only of Plaintiff's claim as it relates to these uses. Reply at 6. EVOX advances two arguments in response. First, EVOX asserts that its copyright claims are not targeted at Stanford's creation of a dataset, development and training of a computer model, and publication of research papers, but Stanford's unauthorized reproduction, distribution, and public display of EVOX's copyrighted images on its website. Opp'n to Stanford MTD at 11-12. Second, EVOX argues that the complaint is replete with

United States District Court
Northern District of California

11

disputed material facts that weigh on the fair use analysis and make dismissal inappropriate. Because the Court agrees with EVOX on the first argument, it need not address the second.

EVOX's complaint seeks redress for Stanford's alleged unlicensed and unauthorized reproduction, distribution, and public display of EVOX's copyrighted images. Compl. ¶¶ 59-62. In relevant part, EVOX alleges:

- Stanford "made 11,364 of EVOX's Images publicly available from the following links at Stanford's website:
  - http://imagenet.stanford.edu/streetview/car_dataset/
  - http://imagenet.stanford.edu/internal/annotations/annotations.zip" *Id.* ¶ 29; *see also id.* ¶ 34.
- Stanford branded the images the "Stanford Cars Dataset." *Id.* ¶ 35.
- Stanford housed the images on Stanford servers. *Id.* ¶¶ 33, 41

While EVOX does not concede that Stanford's creation of a dataset, development and training of a computer model, and publication of research papers are fair uses, they are not the focus of EVOX's copyright infringement claim. Opp'n to Stanford MTD at 12 n.3. As such, Stanford's arguments regarding fair use are inapplicable.

The Court denies Stanford's motion to dismiss EVOX's claim for direct copyright infringement.

### 2.    Contributory Infringement

In addition to a direct copyright infringement claim, EVOX alleges that Defendants contributorily infringed its copyrights. Compl. ¶¶ 65-71. To establish a claim for contributory copyright infringement, a plaintiff needs to "establish that there has been direct infringement by third parties." *Perfect 10, Inc. v. Amazon.com, Inc. ("Amazon")*, 508 F.3d 1146, 1169 (9th Cir. 2007). Additionally, a plaintiff must allege that a defendant "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Giganews, Inc. ("Giganews")*, 847 F.3d 657, 670 (9th Cir. 2017) (citation omitted).

#### a.    Knowledge

To allege knowledge of another's infringement, "requires more than a generalized

12

knowledge by the [defendant] of the possibility of infringement." *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). A plaintiff must allege "actual knowledge of specific acts of infringement." *Id.* (citation omitted).

Stanford argues that EVOX fails to allege facts that establish it had knowledge of a third-party's infringement. Stanford MTD at 19. It asserts that an allegation that Stanford "made EVOX's copyrighted Images available on [its] servers," *see* Compl. ¶ 67, is insufficient. Stanford MTD at 19. EVOX contends that the complaint meets the knowledge requirement because Stanford made EVOX's images available "with the expectation that the Images would be reproduced, distributed, and publicly displayed by other third-party websites." Compl. ¶ 67.

This allegation alone is not sufficient to allege the knowledge necessary for contributory copyright infringement liability. EVOX must allege "actual knowledge of specific acts of infringement" not "generalized knowledge by the [defendant] of the possibility of infringement." *Luvdarts, LLC,* 710 F.3d at 1072.

However, EVOX's complaint contains additional allegations that, accepted as true and construed in the light most favorable to EVOX, suffice to allege Stanford's knowledge. First, EVOX alleges that Stanford made "EVOX's Images publicly available from . . . [its] website. Compl. ¶ 29; *see also id.* ¶ 34. Then, EVOX's images on Stanford's website were "downloaded repeatedly by other users without license or authorization." *Id.* ¶¶ 30, 36. EVOX alleges that at least one third-party, a for-profit company named Sighthound, fine-tuned its own software using the Stanford Cars training data. *Id.* ¶ 32. EVOX also alleges that its images on Stanford's website were "later made available from a series of third-party websites." *Id.* 37. Additionally, Stanford "was aware that these third-party websites had copied the EVOX Images from Stanford's website, and were making them available to the public at large without license or authorization." Compl. ¶¶ 37-38. EVOX also alleges that Stanford "took no action to prevent the infringement of EVOX's Images." *Id.* ¶ 39. Taken together and while scant, these allegations are sufficient.

### b.    Material Contribution or Inducement

"In the online context, . . . a 'computer system operator' is liable under a material contribution theory of infringement 'if it has *actual* knowledge that *specific* infringing material is

13

available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works.'" *Giganews*, 847 F.3d 657 at 671 (quoting *Amazon*, 508 F.3d at 1172). Alternatively, a defendant is contributorily liable for inducing copyright infringement by "distribut[ing] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Id.* at 672 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005). An inducement theory involves "four elements: (1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013).

Stanford argues that EVOX fails to allege inducement because EVOX lacks factual support showing Stanford had "an object of promoting" infringement. Stanford MTD at 20. EVOX disagrees arguing that Stanford made EVOX's images available to others for the express purpose of allowing others to download them. Opp'n to Stanford MTD at 16. The complaint includes allegations that Stanford "made EVOX's copyrighted Images available on Defendants' servers with the expectation that the Images would be reproduced, distributed, and publicly displayed by other third-party websites" and was "aware of this infringement by the third-party websites, and encouraged it to advance [its] own interests." Compl. ¶¶ 67, 69. Even if true, none of this conduct suggests that Stanford expressed an intent to promote infringement or took "affirmative steps" to foster it. *Grokster, Ltd.*, 545 U.S. at 936-37. This is insufficient to show Stanford "(2) either (a) materially contributes to or (b) induces that infringement." *Giganews*, 847 F.3d at 670 (citation omitted).

Therefore, Stanford's motion to dismiss EVOX's claim for contributory copyright infringement is granted, with leave to amend.

### 3.   Failure to put Stanford on Notice

Dismissal under Rule 12(b)(6) is proper "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A "complaint need not contain detailed factual allegations, but it must provide more than 'a formulaic recitation of the elements of a cause of

14

action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Under Rule 8(a), a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted).

In its opening motion, Stanford argues that EVOX fails to provide Stanford with notice as to the claims asserted against it. Stanford MTD at 21. In particular, Stanford asserts that EVOX's allegations lump Defendants together such that Stanford individually cannot identify the allegedly infringing conduct giving rise to copyright liability. *Id.* at 22. EVOX responds by noting allegations in the complaint that reference "Stanford's website and server" and the "Stanford Cars Dataset." Opp'n to Stanford MTD at 16.

Construing the complaint in the light most favorable to EVOX, the complaint sufficiently provides Stanford notice. EVOX alleges that Stanford, together with other defendants in some capacity, reproduced, distributed, and publicly displayed EVOX's copyrighted images on Stanford's website, *see* Compl. ¶ 29, using Stanford's servers, *see id.* ¶ 33, and branded the images as the "Stanford Cars Dataset." *Id.* ¶ 35. Consequently, the Court denies Stanford's motion to dismiss on this issue.

### III.    CONCLUSION

For the foregoing reasons, the Court rules as follows:

- The Court DENIES Stanford's motion to dismiss for lack of standing;
- The Court DENIES EVOX's request for jurisdictional discovery, GRANTS Rice and Baylor's motion to dismiss for lack of personal jurisdiction, and dismisses EVOX's claims against them without leave to amend;
- The Court DENIES Stanford's motion to dismiss EVOX's claim for direct copyright infringement;
- The Court GRANTS Stanford's motion to dismiss EVOX's claim for contributory copyright infringement with leave to amend; and
- The Court DENIES Stanford's motion to dismiss under Rule 8(a).

/ / /

/ / /

United States District Court
Northern District of California

Should EVOX elect to file an amended complaint, EVOX shall do so within 21 days of this order, or by August 13, 2025.  Stanford's response to the complaint, either original or amended, shall be due by August 27, 2025.

**IT IS SO ORDERED.**

Dated: July 23, 2025

Noël Wise
United States District Judge

United States District Court
Northern District of California

16