**KILPATRICK TOWNSEND & STOCKTON LLP**
Joseph Petersen (SBN 304597)
*jpetersen@ktslaw.com*
1302 El Camino Real, Suite 175
Menlo Park, California  94025
Telephone: (650) 614-6427
Facsimile: (650) 644-0570

Kollin J. Zimmermann (SBN 273092)
*kzimmermann@ktslaw.com*
1801 Century Park East, Suite 2300
Los Angeles, California  90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Sara K. Stadler (admitted *pro hac vice*)
*sstadler@ktslaw.com*
Briggs M. Wright (admitted *pro hac vice*)
*briggs.wright@ktslaw.com*
3 Times Square
New York, New York  10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

Counsel for Defendant The Board of Trustees of the Leland Stanford
Junior University, sued as The Leland Stanford Junior University

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware corporation,<br><br>    *Plaintiff,*<br><br>    v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DOES 1–10,<br><br>    *Defendants.* | Case No. 3:24-cv-09521-NW<br><br>**DEFENDANT THE LELAND STANFORD JUNIOR UNIVERSITY'S NOTICE OF MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:       Hon. Noel Wise<br>Date:        October 29, 2025<br>Time:        9:00 a.m.<br>Courtroom:    8 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. ii

NOTICE OF MOTION ......................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES........................1

    I.       INTRODUCTION .................................................1

    II.      BACKGROUND ..................................................2

    III.     ARGUMENT........................................................3

          A.    Plaintiff Has Not Plausibly Alleged
               Contributory Infringement Under a Material
               Contribution Theory. .............................................3

          B.    Plaintiff Has Not Plausibly Alleged
               Contributory Infringement Under an
               Inducement Theory. ...............................................6

    IV.     CONCLUSION ...................................................8

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Cases**

4
*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..................................................................................3, 5, 7

5
*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................3, 5, 7
6

7
*Columbia Pictures Indus., Inc. v. Fung,*
  710 F.3d 1020 (9th Cir. 2013) ........................................................................ 6

8
*Metro-Godwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
  545 U.S. 913 (2005) ....................................................................................3, 6
9

10
*Perfect 10, Inc. v. Amazon.com, Inc.,*
  508 F.3d 1146 (9th Cir. 2007) ........................................................................ 4

11
*Perfect 10, Inc. v. Giganews, Inc.,*
  847 F.3d 657 (9th Cir. 2017) .....................................................................3, 4, 6
12

**Statutes**

13

14
17 U.S.C. § 101 ............................................................................................ 1

**Rules**

15

16
Fed. R. Civ. P. 12(b)(6)................................................................................ 1

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Defendant The Leland Stanford Junior University ("Stanford"), by and through undersigned counsel, will move this Court on October 29, 2025, at 9:00 a.m. before the Honorable Noël Wise at the Robert F. Peckham Federal Building, Courtroom 3, 280 South 1st Street, San Jose, California 95113.

Stanford seeks an Order dismissing Count Two of the First Amended Complaint ("FAC") (Dkt. 55) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Stanford will show that Plaintiff cannot state a plausible claim for contributory infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* Stanford's motion is based on this Notice of Motion and Memorandum of Points and Authorities, the pleadings and papers on file in this action, the arguments of counsel, and all other materials which may properly come before the Court at or before this motion is heard or taken under submission by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This case concerns a seminal research project in deep learning computing vision, which was described at length in a 2017 paper entitled *Using Deep Learning and Google Street View to Estimate the Demographic Makeup of Neighborhoods Across the United States* (the "2017 Academic Paper") and published in the December 12, 2017, issue of *Proceedings of the National Academy of Sciences of the United States of America*. Timnit Gebru et al., *Using Deep Learning and Google Street View to Estimate the Demographic Makeup of Neighborhoods Across the United States,* 114 Proc. Nat'l Acad. Sci. U.S.A. 13018 (2017) ("Gebru"); *see* Dkt. 28-1.

As described in the 2017 Academic Paper, a team of computer science researchers, including researchers at Stanford, developed a computer model that learned to distinguish automobiles from other objects, and that ultimately was trained

STANFORD'S MOTION TO DISMISS
CONTRIBUTORY INFRINGEMENT CLAIM
CASE NO. 3:24-cv-09521-NW

1

to detect and identify specific types of automobiles in Google Street View images of public streets. *See* Gebru, *supra*, at 13109. The ultimate goal was to describe how such a model could facilitate the creation of sociological "snapshots" of demographic information based on streetscape imagery. *See id.* at 13108.

Since filing its Complaint, Plaintiff has conceded that Stanford's alleged use of Plaintiff's images to create a data set, develop and train a computer model, and publish academic research articles "is not what this dispute is about," and that Plaintiff's copyright claims "are not targeted at this activity." Dkt. 40 at 6, 16–17 (citations omitted). Instead, Plaintiff's copyright claims are limited to Stanford's alleged distribution of datasets containing Plaintiff's images to enable other scholars to confirm the validity of the findings set forth in the 2017 Academic Paper.

## II.    BACKGROUND

On December 31, 2024, Plaintiff filed a Complaint against Stanford, Baylor College of Medicine, the University of Michigan, Rice University, and ten Does alleging direct and contributory copyright infringement. Dkt. 1. Plaintiff voluntarily dismissed its claims against the University of Michigan on February 14, 2025. Dkt. 20. The remaining Defendants moved to dismiss Plaintiff's claims on February 28, 2025. Dkts. 28, 29.

On July 23, 2025, the Court dismissed Plaintiff's claims against Baylor College of Medicine and Rice University with prejudice for lack of personal jurisdiction. Dkt. 55 at 9. Taking up Stanford's motion to dismiss, the Court first denied Stanford's motion to dismiss Plaintiff's direct infringement claim as it relates to "Stanford's creation of a dataset, development and training of a computer model, and publication of research papers" (*id.* at 12)—uses that Stanford argued are "quintessentially transformative." Dkt. 28 at 17. In denying Stanford's motion, however, the Court made clear that those uses "are not the focus of EVOX's copyright infringement claim." Dkt. 55 at 12.

Turning to Plaintiff's contributory infringement claim, the Court granted Stanford's motion to dismiss, finding that "none of th[e] conduct [alleged in the Complaint] suggests that Stanford expressed an intent to promote infringement or took 'affirmative steps' to foster it. This is insufficient to show Stanford . . . 'either (a) materially contributes to or (b) induces that infringement.'" *Id.* at 14 (quoting *Metro-Godwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005) and *Perfect 10, Inc. v. Giganews, Inc*., 847 F.3d 657, 670 (9th Cir. 2017)).

Plaintiff responded by filing its FAC on August 12, 2025. Dkt. 57. Most of Plaintiff's changes to the Complaint reflect the dismissal of the other defendants. As discussed further below, the only substantive changes to Plaintiff's claims against Stanford are mere boilerplate, and do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.  ARGUMENT

Plaintiff has not plausibly pleaded contributory copyright infringement because it has not alleged sufficient *facts* establishing that Stanford "either (a) materially contribute[d] to or (b) induce[d]" alleged acts of direct infringement by third parties.[1] *See Giganews*, 847 F.3d at 670 (citation omitted).

### A.    Plaintiff Has Not Plausibly Alleged Contributory Infringement Under a Material Contribution Theory.

In the online context, . . . a "computer system operator" is liable under a material contribution theory of infringement "if it has *actual* knowledge that *specific* infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works.

---

[1] The Court found Plaintiff's allegations as to the knowledge element were "scant" but sufficient. Dkt. 55 at 13.

1    *Id.* at 671 (quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th

2    Cir. 2007)). Plaintiff has not sufficiently pleaded these elements.

3        The only "new" allegations in the FAC relating to Plaintiff's material

4    contribution theory of contributory infringement are as follows (with added material

5    underlined):

6        51.    Stanford is liable for contributory infringement because <u>its</u>

7    <u>representatives materially contributed and</u> knowingly induced others to

8    violate EVOX's copyrights by reproducing, distributing, publicly

9    displaying, and making available EVOX Images without license or

10    authorization.

11        . . . .

12        57.    <u>Stanford's conduct materially contributed to the</u>

13    <u>infringement of EVOX's copyrighted Images. Stanford's representatives</u>

14    <u>were responsible for gathering the Images, assembling them, and making</u>

15    <u>them available from Stanford's servers.</u>

16        58.    <u>Stanford's representatives were aware that the Images were</u>

17    <u>protected by copyright registration because they knowingly gathered</u>

18    <u>them from commercial sources.</u>

19        . . . .

20        61.    <u>Stanford could have easily prevented the infringement of</u>

21    <u>EVOX's copyrighted Images by third parties if it had simply refrained</u>

22    <u>from making them available for download by others from its servers.</u>

23        62.    <u>Stanford further exacerbated the infringement of EVOX's</u>

24    <u>copyrighted Images by third parties by continuing to make them</u>

25    <u>available for download from its servers for an indefinite period of time.</u>

26    <u>Thus, Stanford could have prevented additional infringement by simply</u>

27    <u>deactivating the link to EVOX's copyrighted Images.</u>

28

STANFORD'S MOTION TO DISMISS
CONTRIBUTORY INFRINGEMENT CLAIM                    4
CASE NO. 3:24-cv-09521-NW

Dkt. 57 at 9–10 (FAC ¶¶ 51, 57, 58, 61, 62).

Each of these allegations is either conclusory or a mere rehash of an allegation in Plaintiff's original Complaint (or both). New Paragraph 51 and the first sentence of new Paragraph 57 consist entirely of the bare legal conclusion that Stanford "materially contributed" to the alleged infringement. Dkt. 57 at 9 (FAC ¶¶ 51, 57). The first half of new Paragraph 58 contains the legal conclusion that Stanford was "aware" of Plaintiff's copyrights, throwing in the word "knowingly" for good measure. *Id.* at 9 (¶ 58). Finally, new Paragraph 61 and the second sentence of new Paragraph 62 make the strikingly circular allegation that Stanford could have prevented the alleged infringement by refraining from engaging in allegedly infringing acts. *Id.* at 10 (¶¶ 61, 62). Each of these allegations is either a bare legal conclusion or a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). None merits any deference from the Court. *Id.*

The remainder of Plaintiff's "new" allegations cannot support its contributory infringement claim because they all appeared in the original Complaint, and the Court already found them deficient. The second sentence of new Paragraph 57 ("Stanford's representatives . . . ma[de] [the Images] available from Stanford's servers") merely rephrases the first clause of new Paragraph 52 (Stanford "made EVOX's copyrighted Images available on its servers"), which, in turn, appeared *verbatim* in Paragraph 67 of Plaintiff's original Complaint. *Compare* Dkt. 1 at 11 (Compl. ¶ 67), *with* Dkt. 57 at 9 (FAC ¶ 52). Similarly, the second half of new Paragraph 58 ("Stanford's representatives were aware that the Images were protected by copyright registration because they knowingly gathered them from commercial sources") merely rephrases Paragraph 46 of the original Complaint ("The Consortium was clearly aware that it was collecting images from commercial sources, and that those images may be copyrighted."). *Compare* Dkt. 1 at 8 (Comp. ¶ 46), *with* Dkt. 57 at 9 (FAC ¶ 58).

These allegations did not suffice to plead material contribution the first time, and for the reasons set forth in Stanford's prior motion to dismiss and this Court's order on that motion, they do not suffice now.

**B.**     **Plaintiff Has Not Plausibly Alleged Contributory Infringement Under an Inducement Theory.**

A plaintiff claiming liability under an inducement theory must allege: "(1) the distribution of a device or product, (2) acts of infringement, (3) *an object of promoting its use to infringe copyright*, and (4) causation. *Giganews*, 847 F.3d at 672 (quoting *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013) (emphasis added)); *see also Grokster*, 545 U.S. at 936–37 ("[O]ne who distributes a device with the object of promoting its use to infringe copyright, as shown by *clear expression* or other *affirmative steps taken* to foster infringement, is liable for the resulting acts of infringement by third parties." (emphases added)).

The only "new" allegations in the FAC relating to Plaintiff's inducement theory of contributory infringement are as follows (with added material underlined and deleted material struck through):

52.     Specifically, Stanford made EVOX's copyrighted Images available on its servers with the ~~expectation that the Images would be reproduced, distributed, and publicly displayed by other third party websites~~ express purpose of sharing them with third parties that did not have license or authorization to use them.

53.     Indeed, Stanford expected that the Images would be reproduced, distributed, and publicly displayed by other third party websites.

. . . .

63.     Stanford's conduct also induced infringement of EVOX's copyrighted Images. In fact, Stanford distributed the Images from its

servers with the intent that third parties would download the images, thereby violating EVOX's exclusive rights of reproduction.

> 64.   To be clear, Stanford had no other purpose for distributing EVOX's copyrighted Images from its servers other than inducing the copyright infringement by others.

> 65.   But for Stanford's conduct, additional acts of copyright infringement by third parties would not have occurred.

*Compare* Dkt. 1 at 11 (Compl. ¶ 67), *with* Dkt. 57 at 9–10 (FAC ¶¶ 52, 53, 63-65).

As with Plaintiff's attempts to allege material contribution, each of these allegations is either conclusory or a mere rehash of an allegation in Plaintiff's original Complaint (or both). The first sentence of new Paragraph 63 and the second half of new Paragraph 64 consist entirely of the bare legal conclusion that Stanford "induced" or is "inducing" infringement. Dkt. 57 at 10 (FAC ¶¶ 63, 64). The second half of new Paragraph 52, the second sentence of new Paragraph 63, and the first half of new Paragraph 64 contain the legal conclusion that Stanford had the object ("purpose," "intent") of promoting use of Plaintiff's images to infringe copyright. *Id.* at 9, 10 (¶¶ 52, 63, 64). Finally, new Paragraph 65 merely concludes that "but-for" causation exists. *Id.* at 10 (¶ 65). Again, each of these allegations is either a bare legal conclusion or a "legal conclusion couched as a factual allegation" meriting no deference. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The only remaining "new" allegation in Plaintiff's inducement paragraphs also appeared in the original Complaint. Specifically, new Paragraph 53 ("Stanford expected that the Images would be reproduced, distributed, and publicly displayed by other third party websites") merely rephrases the second half of Paragraph 67 of the original Complaint ("Defendants . . . [had] the expectation that the Images would be reproduced, distributed, and publicly displayed by other third-party websites").

1    *Compare* Dkt. 1 at 11 (Compl. ¶ 67), *with* Dkt. 57 at 9 (FAC ¶ 53). This allegation
2    therefore is insufficient to support Plaintiff's contributory infringement claim as well.

3        In sum, while Plaintiff's amended contributory infringement claim appears, on
4    its face, to contain a number of new factual allegations, a closer look confirms that
5    those allegations are neither factual nor new. As before, Plaintiff cannot state a
6    plausible claim for contributory infringement under any theory.

7    **IV.    CONCLUSION**

8        For the foregoing reasons, Stanford respectfully asks the Court to grant this
9    Motion and dismiss Plaintiff's claim for contributory infringement in its entirety, and
10   with prejudice.

11
12   DATED:  August 26, 2025              Respectfully submitted,

13                                        KILPATRICK TOWNSEND &
                                          STOCKTON LLP
14

15                              By:  */s/ Joseph Petersen*
                                     Joseph Petersen
16

17                                   Counsel for Defendant The Board of
                                     Trustees of the Leland Stanford
18                                   Junior University, sued as The Leland
                                     Stanford Junior University
19
20
21
22
23
24
25
26
27
28