**CALLAHAN & BLAINE, PC**
Michael J. Sachs (SBN 134468)
MJS@callahan-law.com
Jason Casero (SBN 263933)
jcasero@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff EVOX PRODUCTIONS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

<table>
<tr><td>

EVOX PRODUCTIONS LLC, a Delaware limited liability company,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY,

WILLIAM MARSH RICE UNIVERSITY,

BAYLOR COLLEGE OF MEDICINE; and

DOES 1-10,

Defendants.

</td><td>

CASE NO. 5:24-CV-09521-NW

*Assigned to Hon. Noël Wise*
*Courtroom 3*

**PLAINTIFF EVOX PRODUCTIONS LLC'S OPPOSITION TO THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BY DEFENDANT THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY**

Date:     October 29, 2025
Time:     9:00 AM
Ctrm:     8
Judge:    Hon. Noël Wise

Complaint Filed: December 31, 2024

</td></tr>
</table>

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   STATEMENT OF ALLEGED FACTS ............................................................2

    A.    The Parties....................................................................................................2

    B.    The Copyrighted Images .............................................................................2

    C.    The Direct Infringement...............................................................................2

    D.    The Contributory Infringement ...................................................................3

III.  LEGAL STANDARD ........................................................................................3

IV.   ARGUMENT ......................................................................................................4

    A.    Stanford's Distribution of EVOX's Copyrighted Images for Peer Review Gives Rise to a *Prima Facie* Claim of Contributory Copyright Infringement ......................................................................................4

    B.    EVOX Has Sufficiently Alleged That Stanford (1) Materially Contributed and (2) Induced Infringement of EVOX's Copyrighted Images by Others ................................................................6

        1.    EVOX Has Sufficiently Alleged that Stanford Materially Contributed to Copyright Infringement by Third Parties...........6

        2.    EVOX Has Sufficiently Alleged that Stanford Induced the Infringement of EVOX's Copyrighted Images by Third Parties..........................................................................................7

V.    CONCLUSION .................................................................................................10

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*A&M Recs., Inc. v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001)............................................................................5

*A&M Recs., Inc. v. Napster, Inc.*,
284 F.3d 1091 (9th Cir. 2002)............................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................4

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988)............................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................4

*Cobbler Nevada, LLC v. Gonzales*,
901 F.3d 1142 (9th Cir. 2018)............................................................................5

*Keniston v. Roberts*,
717 F.2d 1295 (9th Cir. 1983)..........................................................................10

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000)..........................................................................10

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005) ...........................................................................................8

*Perfect 10, Inc. v. Giganews, Inc. ("Giganews")*,
847 F.3d 657 (9th Cir. 2017)..........................................................................6, 7

*Tarantino v. Gawker Media, LLC*,
2014 WL 2434647 (C.D. Cal. Apr. 22, 2014)....................................................9

**STATUTES**

Copyright Act. First Section 106........................................................................3

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

**OTHER AUTHORITIES**

Rule 12(b)(6)............................................................................................................3

Rule 15 ..................................................................................................................10

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW

## I.      INTRODUCTION

Defendant The Leland Stanford Junior University ("**Stanford**" or "**Defendant**") argues that "[t]his case concerns a seminal research project in deep learning computing vision," and a research paper that was subsequently published in an academic journal.  This is a purposeful misdirection.  In reality, this dispute involves Stanford's unauthorized and unapologetic use of copyrighted images duly registered by plaintiff EVOX Productions, LLC ("**EVOX**" or "**Plaintiff**").  EVOX anticipates that throughout this litigation, Stanford will highlight the academic nature of its activities in a transparent effort to distract from its infringing conduct.  But it is what Stanford did *after* it completed its academic work that is truly at issue.

In its motion ("**Motion**"), Stanford tacitly acknowledges that it distributed EVOX's copyrighted images to facilitate peer review of its academic findings. (Mot. at 2:9-11 (referring to "Stanford's alleged distribution of datasets containing Plaintiff's images to enable other scholars to confirm the validity of the findings" in Stanford's work).)  Stanford's justification for infringement, however, cannot absolve it from liability.  This is especially true given that Stanford was simply seeking to advance its own interests and bolster its own reputation while blatantly disregarding EVOX's intellectual property rights.  Indeed, nothing prevented Stanford from licensing the images it used to support its purported scholarship.

Stanford now seeks to dismiss EVOX's claim for contributory infringement on the grounds that the first amended complaint ("**FAC**") does not sufficiently allege that Stanford materially contributed or induced infringement by third parties. (Mot. at 3:15-18.)  Stanford's effort to dismiss the contributory infringement claim clearly exalts form over substance.  Stanford cannot on the one hand acknowledge that it distributed EVOX's copyrighted images for the express purpose of facilitating peer review, while on the other hand denying that it contributed or induced third parties (*i.e.*, "other scholars") to reproduce – and potentially distribute – EVOX's images without license.  Its Motion should therefore be denied.

- 1 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

## II.    STATEMENT OF ALLEGED FACTS

The allegations relevant to the disposition of the instant Motion are these:

### A.    The Parties

EVOX Productions LLC ("**EVOX**") is a Delaware limited liability company with its principal place of business in Chino, California.  (ECF No. 57, hereinafter "FAC" ¶ 4.)  It has been a pioneer in the industry of automobile photography for over 25 years.  (FAC ¶ 8.)  Defendant The Leland Stanford Junior University ("**Stanford**" or "**Defendant**") is a California Statutory Corporation (FAC ¶ 5), and it operates as a university.

### B.    The Copyrighted Images

Over the last twenty-five (25) years, EVOX has meticulously catalogued the highest quality still images, interactive images, and videos of several thousand vehicle makes and models.  (FAC ¶ 18.)  Given the proprietary methods that EVOX uses to maintain the consistency of its images, each image is a valuable intellectual property asset.  (FAC ¶ 19.)  Indeed, each of its images can be individually licensed. (FAC ¶ 19.)  Accordingly, EVOX protects each image in its library with copyright registration.  (FAC ¶ 19.)

### C.    The Direct Infringement

In or around September 2020, EVOX discovered that representatives from Stanford had scoured the internet in order to gather images of vehicles.  (FAC ¶ 16.) Among the images that Stanford had collected were EVOX's copyrighted Images. (*Id*.)  Based upon EVOX's investigation, the Stanford initially used the images it gathered to develop a computer program.  (FAC ¶ 17.)

After the Stanford had completed its work, it made 11,364 of EVOX's Images publicly available from its servers.  (FAC ¶ 18.)  EVOX learned that as recently as January 2023, Stanford made a second set of 225 of EVOX's copyrighted Images publicly available from its servers.  (FAC ¶ 23.)  Although Stanford had not created the images, it nevertheless branded the images as the

- 2 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

"Stanford Cars Dataset." (FAC ¶ 24.)

Stanford's actions violate the exclusive rights granted to EVOX as copyright holder pursuant to Section 106 of the Copyright Act. First, Stanford violated EVOX's exclusive right of reproduction when it, among other things, gathered EVOX's copyrighted Images and assembled them into a dataset on Defendant's servers. (FAC ¶ 45.) Second, Stanford violated EVOX's exclusive right of distribution when it, among other things, copied EVOX's copyrighted Images and made them available to the public at large. (FAC ¶ 46.) Third, Stanford violated EVOX's exclusive right of public display when it, among other things, made EVOX's copyrighted Images available for download by others from its servers. (FAC ¶ 47.)

### D. The Contributory Infringement

Stanford knowingly induced others to violate EVOX's copyrights by reproducing, distributing, publicly displaying, and making available EVOX Images without license or authorization. (FAC ¶ 51.) Specifically, Stanford made EVOX's copyrighted Images available on its servers with the expectation that the images would be reproduced, distributed, and publicly displayed by other third-party websites. (FAC ¶ 52.)

EVOX has confirmed that third-party websites copied the EVOX images available from Stanford's servers and infringed EVOX's copyrights. (FAC ¶ 54.) EVOX is informed and believes that Stanford was aware of this infringement by the third-party websites, and encouraged it to advance its own interests. (FAC ¶ 55.) EVOX is informed and believes that third parties who retrieved EVOX's Images from Stanford's servers have used them to develop commercial products. (FAC ¶ 56.)

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint need only articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

*Twombly*, 550 U.S. 544, 556 (2007) (dismissing a conspiracy claim when the complaint alleged only "parallel conduct and a bare assertion of conspiracy"). Although a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555).

## IV.    ARGUMENT

Stanford contends that EVOX has not sufficiently alleged that Stanford "either (a) materially contributed to or (b) induced alleged acts of direct infringement by third parties." (Mot. at 3:15-18 (internal quotes and punctuation omitted).) Stanford's reading of the First Amended Complaint, however, clearly ignores EVOX's allegations.

### A.    Stanford's Distribution of EVOX's Copyrighted Images for Peer Review Gives Rise to a *Prima Facie* Claim of Contributory Copyright Infringement

The allegations supporting EVOX's claim for contributory infringement could not be more clear. Specifically, EVOX expressly alleges that "Stanford made EVOX's copyrighted Images available on its servers with the express purpose of sharing them with third parties that did not have license or authorization to use them." (FAC ¶ 52.) Further, EVOX alleges that "Stanford expected that the Images would be reproduced, distributed, and publicly displayed by other third party websites." (FAC ¶ 53.) Stanford cannot deny the clarity of what EVOX has alleged in this regard. Indeed, Stanford acknowledges that EVOX's allegations describe "distribution of datasets containing [EVOX's] images to enable other scholars to

- 4 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

confirm the validity of the findings set forth in the 2017 Academic Paper." (Mot. at 2:9-11 (emphasis added).) The process that Stanford describes is widely referred to as "peer review." Stanford therefore does not appear to be confused regarding the nature of EVOX's allegations of contributory copyright infringement.

The Ninth Circuit has "adopted the well-settled rule that one infringes contributorily by intentionally inducing or encouraging direct infringement." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1147 (9th Cir. 2018)(citing cases; internal quotation and punctuation omitted). Thus, "liability exists if the defendant engages in 'personal conduct that encourages or assists the infringement.'" *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001), as amended (Apr. 3, 2001), aff'd sub nom. *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002), and aff'd sub nom. *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002)(quoting *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir.1998)). Thus, when assessing the sufficiency of EVOX's claim for contributory copyright infringement, this Court need only determine whether EVOX has plausibly alleged that Stanford encouraged or assisted infringement by third parties.

With this in mind, Stanford's contention that EVOX has not sufficiently alleged a claim for contributory copyright infringement clearly exalts form over substance. In fact, it represents a rejection of common sense. EVOX has alleged that Stanford purposely made EVOX's copyrighted images available from Stanford's servers "with the express purpose of sharing them with third parties that did not have license or authorization to use them." (FAC ¶ 52.) Further, EVOX believes that "Stanford was aware of this infringement by third party websites, and encouraged it in order to advance its own interests." (FAC ¶ 55.) Stanford presumably believed that making EVOX's copyrighted images available to third parties for peer review would advance its interests by strengthening its stature in the academic world. Regardless of Stanford's purpose, however, EVOX's allegations

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

- 5 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

describing this conduct make out a *prima facie* claim of contributory copyright infringement.

### B.    EVOX Has Sufficiently Alleged That Stanford (1) Materially Contributed and (2) Induced Infringement of EVOX's Copyrighted Images by Others

In its July 23, 2025 order (ECF No. 55; hereinafter "July 23 Order"), this Court recognized that in order to state a claim for contributory copyright infringement "a plaintiff must allege that a defendant '(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement.'"  (Order at 12:24-26 (quoting *Perfect 10, Inc. v. Giganews, Inc. ("Giganews")*, 847 F.3d 657, 670 (9th Cir. 2017)).)  The Court concluded that EVOX has sufficiently alleged that Stanford had knowledge of infringement by third parties.  (Order at 13:25.)  Thus, in the context of the instant Motion the Court need only determine whether EVOX has sufficiently alleged that Stanford materially contributed ***or*** induced the infringement.  EVOX has sufficiently alleged ***both***.

### 1.    EVOX Has Sufficiently Alleged that Stanford Materially Contributed to Copyright Infringement by Third Parties

The Ninth Circuit has explained that a defendant is liable under a material contribution theory of infringement if:

> . . . it has actual knowledge that specific infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works.

*Giganews*, 847 F.3d at 671 (quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1171 (9th Cir. 2007).)  The allegations in EVOX's First Amended Complaint easily meet this standard.  For instance, EVOX has alleged that Stanford had "actual knowledge that specific infringing material is available using its system." *Id*. Among other things, EVOX has alleged that:

▪    "Stanford made EVOX's copyrighted Images available <u>on its</u>

- 6 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

servers with the express purpose of sharing them with third parties . . . .”

(FAC ¶ 55 (emphasis added).)

- ▪ “Stanford's representatives were responsible for gathering the Images, assembling them, and making them available <u>from Stanford's servers</u>.”

(FAC ¶ 57 (emphasis added).)

- ▪ “<u>Stanford's representatives were aware that the Images were protected by copyright registration</u> because they knowingly gathered them from commercial sources.”  (FAC ¶ 58 (emphasis added).)

Additionally, EVOX has alleged that Stanford could have “take[n] simple measures to prevent further damage to copyrighted works, yet continue[d] to provide access to infringing works.”  *Giganews*, 847 F.3d at 671.  For example EVOX has alleged that:

- ▪ “<u>Stanford could have easily prevented the infringement</u> of EVOX's copyrighted Images by third parties if it had simply refrained from making them available for download by others from its servers.”

(FAC ¶ 61 (emphasis added).)

- ▪ “. . . <u>Stanford could have prevented additional infringement by simply deactivating the link</u> to EVOX's copyrighted Images.”

(FAC ¶ 62 (emphasis added).)

Thus, the allegations in EVOX's First Amended Complaint easily meet the pleading requirements of the material contribution theory set forth in *Giganews*, which this Court favorably cited in its July 23 Order.

**2.    EVOX Has Sufficiently Alleged that Stanford Induced the Infringement of EVOX's Copyrighted Images by Third Parties**

This Court also recognized that a plaintiff states a claim under the inducement

- 7 -

theory of contributory copyright infringement where it alleges that the defendant "distribut[ed] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." (July 23 Order at 14:4-6 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005).)  The Court ultimately concluded, however, that EVOX's original complaint did not sufficiently allege contributory infringement under an inducement theory:

> The complaint includes allegations that Stanford "made EVOX's copyrighted Images available on Defendants' servers with the expectation that the Images would be reproduced, distributed, and publicly displayed by other third-party websites" and was "aware of this infringement by the third-party websites, and encouraged it to advance [its] own interests." Compl. ¶¶ 67, 69. **Even if true, none of this conduct suggests that Stanford expressed an intent to promote infringement or took "affirmative steps" to foster it.**

(July 23 Order at 14:13-29 (citing *Grokster, Ltd.*, 545 U.S. at 936-37); emphasis added.)

EVOX's First Amended Complaint easily addresses the deficiencies previously identified by this Court.  *First*, EVOX has alleged that Stanford "expressed an intent to promote infringement" through its conduct.  *See Grokster, Ltd.*, 545 U.S. at 937 ("The inducement rule, instead, premises liability on purposeful, culpable expression and conduct.")  For instance, EVOX alleges – and the evidence will ultimately demonstrate – that "Stanford distributed the Images from its servers with the intent that third parties would download the images, thereby violating EVOX's exclusive rights of reproduction."  (FAC ¶ 63.) Further, EVOX alleges that "Stanford had no other purpose for distributing EVOX's copyrighted Images from its servers other than inducing the copyright infringement by others."  (FAC ¶ 63.)

This Court explained that in the alternative (*i.e.*, through the Court's use of the disjunctive "or"), EVOX could fulfill the inducement theory by alleging that

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

- 8 -

Stanford "took 'affirmative steps' to foster it." (*See* July 23 Order at 14:13-29.) The First Amended Complaint is replete with these allegations. For instance, EVOX alleges that Stanford's representatives "were responsible for gathering the Images, assembling them, and making them available from Stanford's servers.." (FAC ¶ 57.) Moreover, EVOX alleges that "Stanford could have easily prevented the infringement of EVOX's copyrighted Images by third parties if it had simply refrained from making them available for download by others from its servers." (FAC ¶ 61.) Finally, EVOX alleges that Stanford contributed to third party infringement through inaction. (FAC ¶ 52 ("Stanford could have prevented additional infringement by simply deactivating the link to EVOX's copyrighted Images").)

EVOX's allegations clearly meet the technical pleading standards imposed by the law and this Court. More importantly, however, EVOX's allegations – in their totality – succinctly describe conduct that clearly constitutes contributory copyright infringement in its most fundamental sense. As Stanford acknowledges, EVOX alleges "distribution of datasets containing Plaintiff's images to enable other scholars to confirm the validity of the findings set forth" in an academic paper (*e.g.*, peer review). (Mot. at 2:10-11.) Thus, Stanford representatives gathered, assembled, and made available EVOX's copyright images for the express purpose of "enable[ing] other scholars" to use them without license or authorization. At this stage of the proceedings, the fact that Stanford might argue that such conduct constitutes fair use is of no moment – that will be an issue for another day. It cannot be denied, however, that "liability exists if the defendant engages in personal conduct that encourages or assists the infringement." *Tarantino v. Gawker Media, LLC*, 2014 WL 2434647, at *3 (C.D. Cal. Apr. 22, 2014). Here, it cannot be denied that Stanford engaged in conduct that encouraged and assisted infringement by third parties.

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

## V.    CONCLUSION

For the reasons set forth herein, EVOX respectfully requests that the Court deny Stanford's Motion in its entirety.  If the Court decides that EVOX's claims require additional specificity, however, it should grant leave to amend.  A district court should freely grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); s*ee also Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir.1981) ("[o]rdinarily, leave to amend should be freely given in the absence of prejudice to the opposing party")). This standard "is generous" and leave "should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *see* Lopez, 203 F.3d at 1127 ("the underlying purpose of Rule 15 ... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities.").

DATE:  September 9, 2025                **CALLAHAN & BLAINE, PC**

By*:  /s/ Jason Casero*
Michael Sachs
Jason Casero
Attorneys for Plaintiff EVOX
PRODUCTIONS LLC

- 10 -