**KILPATRICK TOWNSEND & STOCKTON LLP**
Joseph Petersen (SBN 304597)
*jpetersen@ktslaw.com*
1302 El Camino Real, Suite 175
Menlo Park, California  94025
Telephone: (650) 614-6427
Facsimile: (650) 644-0570

Kollin J. Zimmermann (SBN 273092)
*kzimmermann@ktslaw.com*
1801 Century Park East, Suite 2300
Los Angeles, California  90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Sara K. Stadler (admitted *pro hac vice*)
*sstadler@ktslaw.com*
Briggs M. Wright (admitted *pro hac vice*)
*briggs.wright@ktslaw.com*
3 Times Square
New York, New York  10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

Counsel for Defendant The Board of Trustees of the Leland Stanford
Junior University, sued as The Leland Stanford Junior University

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware corporation, <br><br> *Plaintiff*, <br><br> v. <br><br> THE LELAND STANFORD JUNIOR UNIVERSITY and DOES 1–10, <br><br> *Defendants*. | Case No. 3:24-cv-09521-NW <br><br> **DEFENDANT THE LELAND STANFORD JUNIOR UNIVERSITY'S REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br> Judge:     Hon. Noel Wise <br> Date:      October 29, 2025 <br> Time:      9:00 a.m. <br> Courtroom:   8 |

STANFORD'S REPLY IN SUPPORT OF MOTION TO
DISMISS CONTRIBUTORY INFRINGEMENT CLAIM
CASE NO. 3:24-cv-09521-NW

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

I.    INTRODUCTION ...................................................................................1

II.   ARGUMENT..........................................................................................1

    A.    Plaintiff Has Not Sufficiently Alleged Material Contribution.......................... 2

    B.    Plaintiff Has Not Sufficiently Alleged Inducement. ........................................ 4

    C.    Plaintiff's Amended Complaint Simply Repackages and Adds Additional Boilerplate to Allegations the Court Found Insufficient. ........................................................................................ 5

III.  CONCLUSION .......................................................................................5

STANFORD'S REPLY IN SUPPORT OF MOTION TO
DISMISS CONTRIBUTORY INFRINGEMENT CLAIM
CASE NO. 3:24-cv-09521-NW

i

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................passim

*Authors Guild, Inc. v. HathiTrust*,
    755 F.3d 87 (2d Cir. 2014) ................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .....................................................................................1, 2, 5

*Daubert v. Merrell Dow Pharms., Inc.*,
    509 U.S. 579 (1993) ........................................................................................... 3

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005) ........................................................................................4, 5

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) .......................................................................... 2

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017) .......................................................................1, 2, 3

**Statutes**

17 U.S.C. § 107 ......................................................................................................... 5

**Other Authorities**

Jeremy Bentham,
    *Deontology; or, the Science of Morality* (J. Bowring ed. 1834), available
    at https://babel.hathitrust.org/cgi/pt?id=njp.32101061908552 (last visited
    Sept. 15, 2025) ..................................................................................................... 1

## I.    **<u>INTRODUCTION</u>**

Plaintiff's opposition to Defendant The Leland Stanford Junior University's ("Stanford") motion to dismiss ("Opp.") is a classic example of *ipse-dixitism*[1] that reveals just how conclusory Plaintiff's allegations are. Stanford is not "confused regarding the nature of EVOX's allegations of contributory copyright infringement." Opp. at 5, Dkt. 59 at 9. Plaintiff's allegations are clear. The problem is that they simply restate the legal standards without adding any supporting facts.

Plaintiff's opposition does nothing but quote the cases, recite the allegations in its First Amended Complaint ("FAC"), and magically conclude that Stanford's alleged infringement "cannot be denied"—i.e., "the master has said that it is so."[2] *Id.* at 9, Dkt. 59 at 13. These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's contributory infringement claim should be dismissed with prejudice.

## II.    **<u>ARGUMENT</u>**

Plaintiff's opposition makes clear that it has not alleged (and cannot allege) *facts* sufficient to establish that Stanford "either (a) materially contribute[d] to or (b) induce[d]" alleged acts of direct infringement by third parties. See *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) (citation omitted).

---

[1] "The appellative of *ipse-dixitism* is not a new one; it comes down to us from an antique and high authority,—it is the principle recognized (so Cicero informs us) by the disciples of Pythagoras. . . . [T]he master has said that it is so; therefore, say the disciples of the illustrious sage, therefore so it is." John Bowring, "History of the Greatest-Happiness Principle," in *Deontology; or, the Science of Morality* Vol. 1, 322–23 (1834) (based on the manuscripts of Jeremy Bentham), available at https://babel.hathitrust.org/cgi/pt?id=njp.32101061908552 (last visited Sept. 15, 2025).

[2] *Id.*

STANFORD'S REPLY IN SUPPORT OF MOTION TO
DISMISS CONTRIBUTORY INFRINGEMENT CLAIM
CASE NO. 3:24-cv-09521-NW

1

**A.     Plaintiff Has Not Sufficiently Alleged Material Contribution.**

Plaintiff correctly states that a defendant materially contributes to copyright infringement when "it has actual knowledge that specific infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." Opp. at 6, Dkt. 59 at 10 (first quoting *Giganews*, 847 F.3d at 671; and then quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1171 (9th Cir. 2007)). Instead of addressing whether the FAC satisfies these requirements, however, Plaintiff simply concludes that its allegations "easily meet this standard." *Id.* This is *ipse dixit*. It also is incorrect, as Plaintiff's allegations merely combine elements of the *Giganews* test with "legal conclusion[s] couched as . . . factual allegation[s]." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The most significant flaw in Plaintiff's allegations concerning material contribution relates to the "simple measures" test in *Giganews*—whether the defendant "can take <u>simple measures</u> to prevent further damage to copyrighted works, yet continues to provide access to infringing works." 847 F.3d at 671 (emphasis added) (citation omitted). The only measures Plaintiff alleges Stanford could have taken to avoid the alleged infringement were to avoid making its datasets available for peer review altogether. *See* Opp. at 7, Dkt. 59 at 11 (alleging Stanford could have "simply refrained from making them available" (quoting FAC ¶ 61, Dkt. 57 at 10)); *see also id.* (quoting FAC ¶ 62, Dkt. 57 at 10).

These allegations raise at least three issues. *First*, Plaintiff's reasoning is hopelessly circular; in essence, Plaintiff alleges that Stanford could have prevented infringement by not engaging in infringing acts. This circularity betrays the mismatch between Plaintiff's apparent theory of the case and the leading decisions, which primarily involve allegations of contributory infringement by *internet service providers*, based on their failure to locate and disable materials posted by third parties.

STANFORD'S REPLY IN SUPPORT OF MOTION TO
DISMISS CONTRIBUTORY INFRINGEMENT CLAIM
CASE NO. 3:24-cv-09521-NW

2

*See, e.g.*, *Giganews*, 847 F.3d at 671 (finding the plaintiff's notifications of claimed infringement under the Digital Millennium Copyright Act did not provide the defendant with "simple measures" for removing the images because the notifications did not contain "machine-readable Message-IDs").

*Second*, refraining from making the datasets available to peer reviewers is by no means a "simple measure." Dispensing with peer review would prevent scholars from producing replicable results, thus undermining the reliability of their scientific findings. As the Supreme Court observed in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), "submission to the scrutiny of the scientific community is a component of 'good science,' in part because it increases the likelihood that substantive flaws in methodology will be detected." *Id.* at 593 (citations omitted). The *Daubert* Court therefore held "[t]he fact of publication (or lack thereof) in a peer reviewed journal . . . will be a relevant, though not dispositive, consideration in assessing the scientific validity of a particular technique or methodology on which an opinion is premised." *Id.* at 594. Peer review is foundational to academic research and the advancement of knowledge.

*Third*, regardless of whether Stanford is likely to establish its claim to fair use on summary judgment (and Stanford is confident of doing so), Plaintiff has not alleged any *facts* to establish that Stanford could have taken *any action* to avoid the alleged "infringement," short of not doing the research in the first place. If Plaintiff contends Stanford should have implemented particular means of controlling access to the datasets, for example, Plaintiff could have alleged that Stanford failed to implement such access controls. Plaintiff did not do this, likely because it contends that even "purported scholarship" should be licensed. *See* Opp. at 1, Dkt. 59 at 5. Regardless, Plaintiff's formulaic allegations are insufficient to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.    Plaintiff Has Not Sufficiently Alleged Inducement.

Plaintiff correctly states that inducement requires the defendant to "distribut[e] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." Opp. at 8, Dkt. 59 at 12 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919, 936–37 (2005)) (other citation omitted). Again, however, Plaintiff simply concludes, without analysis, that its "allegations clearly meet the technical pleading standards imposed by the law and this Court." *Id.* at 9, Dkt. 59 at 13. This does not suffice where, as here, Plaintiff's allegations consist of nothing but boilerplate. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The *Grokster* test describes a contributory infringer as "one who <u>distributes a device</u> with the <u>object of promoting its use</u> to <u>infringe copyright</u>, as shown by clear expression or other <u>affirmative steps</u> taken to foster infringement." 545 U.S. at 936–37 (emphasis added). Plaintiff's allegations aver that "Stanford <u>distributed</u> [Plaintiff's] Images from its servers with the <u>intent</u> that third parties would <u>download the images</u>," and that Stanford's conduct had "no other purpose" than to "induc[e] the copyright infringement by others." Op. at 8, Dkt. 59 at 12 (quoting FAC ¶ 63, Dkt. 57 at 10). As for the requisite "affirmative steps," Plaintiff cites Stanford's alleged "inaction" (which is not an affirmative step) as well the "server" allegations in Paragraphs 52, 57, and 61 of the FAC. *Id.* at 9, Dkt. 59 at 13 (quoting FAC ¶¶ 52, 57, 61, Dkt. 57 at 9–10).

Plaintiff does not state a plausible claim for contributory infringement under an inducement theory merely by substituting the word "intent" for the phrase "object of promoting," incanting the word "inducing," and insisting that its allegations "cannot

be denied." *See id.* at 9, Dkt. 59 at 13. To support its inducement claim, Plaintiff would need to plead sufficient *facts* to allow the Court to find the requisite "clear expression or other affirmative steps taken to foster infringement." *Grokster*, 545 U.S. at 937. Plaintiff cannot do so, as there are none.

### C. Plaintiff's Amended Complaint Simply Repackages and Adds Additional Boilerplate to Allegations the Court Found Insufficient.

Finally, Plaintiff has no answer to Stanford's argument that many of Plaintiff's allegations are old wine in new bottles. Indeed, Plaintiff's opposition does not even acknowledge that its amended complaint simply repackages many of the allegations in its original one, moving them around and adding new boilerplate to make them appear "new." *See* Mot. to Dismiss at 5–8, Dkt. 58 at 8–11. As the Court held in its July 23, 2025, Order, Plaintiff's original allegations did not suffice to plead contributory infringement. Adding more boilerplate to these insufficient allegations does not "nudge[]" Plaintiff's contributory infringement claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

## III.   CONCLUSION

Plaintiff claims direct infringement and apparently intends to take the position that Stanford was required to license Plaintiff's images if it wanted to engage in "purported scholarship." Opp. at 1, Dkt. 59 at 5. Plaintiff will have an opportunity to test this theory on summary judgment,[3] but at the pleadings stage, it has not alleged the facts required to support a claim for contributory infringement, nor has it identified

---

[3] *See Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 99–100 (2d Cir. 2014) ("[A]ccording to the Authors, every copy employed by the HDL in generating full-text searches represents a lost opportunity to license the book for search. This theory of market harm does not work under Factor Four [of 17 U.S.C. § 107], because the full-text search function does not serve as a substitute for the books that are being searched. . . . Lost licensing revenue counts under Factor Four only when the use serves as a substitute for the original and the full-text-search use does not." (citations omitted)).

STANFORD'S REPLY IN SUPPORT OF MOTION TO
DISMISS CONTRIBUTORY INFRINGEMENT CLAIM
CASE NO. 3:24-cv-09521-NW

5

the "additional specificity" it would provide if it were granted leave to amend. *See id.* at 9, Dkt. 59 at 14. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Plaintiff has nothing but conclusions in its arsenal here.

For the foregoing reasons and those contained in Stanford's Notice of Motion to Dismiss and Supporting Memorandum of Points and Authorities (Dkt. 58), Stanford respectfully asks the Court to grant that Motion and dismiss Plaintiff's claim for contributory infringement in its entirety, and with prejudice.

DATED:  September 16, 2025          Respectfully submitted,

KILPATRICK TOWNSEND &
STOCKTON LLP

By:   */s/ Joseph Petersen*
      Joseph Petersen

      Counsel for Defendant The Board of
      Trustees of the Leland Stanford
      Junior University, sued as The Leland
      Stanford Junior University