UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVOX PRODUCTIONS, LLC,

Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY,

Defendant.

Case No. 24-cv-09521-NW

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

Re: ECF No. 58

On August 26, 2025, Defendant The Leland Stanford Junior University ("Stanford") filed a motion to dismiss. ECF No. 58. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion with leave to amend.

**I.    BACKGROUND[1]**

The facts in this case were outlined in the July 23, 2025 Order resolving Defendants' motions to dismiss and will not be repeated in detail here. ECF No. 55.[2] The facts pertinent to the current motion follow.

On July 23, 2025, Stanford's motion to dismiss the original complaint was granted in part and denied in part. *Id.* In particular, the Court granted Stanford's motion to dismiss Plaintiff EVOX Productions, LLC's claim for contributory copyright infringement with leave to amend. *Id.* at 14.

---

[1] The factual background is drawn from EVOX's first amended complaint. *See* First Amend. Compl. ("FAC"), ECF No. 57.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

On August 12, 2025, EVOX filed the operative first amended complaint. ECF No. 57. On August 26, 2025, Stanford filed a motion to dismiss the contributory infringement claim. ECF No. 58. EVOX opposed. ECF No. 59. Stanford replied on September 16, 2025. ECF No. 60.

## II.    LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## III.    DISCUSSION

In its FAC, EVOX alleges that Stanford contributorily infringed its copyrights. Compl. ¶¶ 65-71. In its latest motion, Stanford argues that EVOX fails to state a claim for contributory copyright infringement because the FAC alleges insufficient facts to establish that Stanford either materially contributed to or induced the acts of direct infringement by others. ECF No. 58 at 6. EVOX disagrees. ECF No. 59.

In support of its contributory infringement claim, EVOX alleges:

- "Stanford is liable for contributory infringement because its representatives materially contributed and knowingly induced others to violate EVOX's copyrights." FAC ¶ 51.
- "Stanford made EVOX's copyrighted [i]mages available on its servers with the express purpose of sharing them with third parties that did not have license or authorization to use them." *Id.* ¶ 52.

2

- "Stanford's conduct materially contributed to the infringement of EVOX's copyrighted [i]mages.  Stanford's representatives were responsible for gathering the Images, assembling them, and making them available from Stanford's servers." *Id.* ¶ 57.
- "Stanford's representatives were aware that the [i]mages were protected by copyright registration because they knowingly gathered them from commercial sources." *Id.* ¶ 58.
- "Stanford could have easily prevented the infringement of EVOX's copyrighted [i]mages by third parties if it had simply refrained from making them available for download by others from its servers." *Id.* ¶ 61.
- "Stanford further exacerbated the infringement of EVOX's copyrighted [i]mages by third parties by continuing to make them available for download from its servers for an indefinite period of time.  Thus, Stanford could have prevented additional infringement by simply deactivating the link to EVOX's copyrighted [i]mages." *Id.* ¶ 62.
- "Stanford's conduct also induced infringement of EVOX's copyrighted [i]mages.  In fact, Stanford distributed the Images from its servers with the intent that third parties would download the images, thereby violating EVOX's exclusive rights of reproduction." FAC ¶ 63.
- "Stanford had no other purpose for distributing EVOX's copyrighted [i]mages from its servers other than inducing the copyright infringement by others." *Id.* ¶ 64.
- "But for Stanford's conduct, additional acts of copyright infringement by third parties would not have occurred." *Id.* ¶ 65.

Overall, EVOX's allegations continue to fall short.

Turning first to EVOX's material contribution theory, Stanford argues that EVOX's allegations are either conclusory or merely rehash an allegation in the original complaint.  ECF No. 58 at 8.  EVOX disagrees and claims its amended complaint addresses the deficiencies identified in the Court's prior order.  ECF No. 59 at 12-13.  On this point, the Court agrees with EVOX.

To establish a claim for contributory copyright infringement, a plaintiff needs to "establish that there has been direct infringement by third parties." *Perfect 10, Inc. v. Amazon.com, Inc.*

3

*("Amazon")*, 508 F.3d 1146, 1169 (9th Cir. 2007). Additionally, a plaintiff must allege that a defendant "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Giganews, Inc. ("Giganews")*, 847 F.3d 657, 670 (9th Cir. 2017) (citation omitted).

"In the online context, . . . a 'computer system operator' is liable under a material contribution theory of infringement 'if it has *actual* knowledge that *specific* infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works.'" *Giganews*, 847 F.3d 657 at 671 (quoting *Amazon*, 508 F.3d at 1172).

Here, the Court has already found that EVOX sufficiently alleged knowledge. ECF No. 55 at 13. Now, with its amended complaint, EVOX alleges that Stanford could have taken simple steps "'to prevent further damage to copyrighted works, yet continues to provide access to infringing works.'" *Giganews*, 847 F.3d 657 at 671 (quoting *Amazon*, 508 F.3d at 1172). For example, EVOX alleges that "Stanford could have easily prevented the infringement of EVOX's copyrighted [i]mages by third parties if it had simply refrained from making them available for download by others from its servers." FAC ¶ 61. In addition, the FAC alleges that Stanford continued to provide access to EVOX's copyrighted images long after the images should have been taken down. *Id.* ¶ 62 (stating "Stanford further exacerbated the infringement of EVOX's copyrighted [i]mages by third parties by continuing to make them available for download from its servers for an indefinite period of time."). This is sufficient at the pleading stage.

Turning next to EVOX's inducement theory of contributory liability, Stanford again argues that EVOX's allegations are either conclusory or merely rehash allegations in the original complaint. ECF No. 58 at 10-11. EVOX disagrees and claims its amended complaint addresses the deficiencies identified in the Court's prior order. ECF No. 59 at 12-13. On this, the Court agrees with Stanford.

A defendant is contributorily liable for inducing copyright infringement by "distribut[ing] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Giganews*, 847 F.3d at 672 (quoting *Metro-*

United States District Court
Northern District of California

*Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005)).  An inducement theory involves "four elements: (1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013).  The third element is at issue here.

In its FAC, EVOX fails to plead sufficient facts, as opposed to legal conclusions, to support an inducement theory.  For example, EVOX alleges that "Stanford made EVOX's copyrighted [i]mages available on its servers with the express purpose of sharing them with third parties that did not have license or authorization to use them." *Id.* ¶ 52.  Lacking are the facts demonstrating this conclusion.  How does EVOX know Stanford made its images available with this express purpose?

Stanford's motion to dismiss EVOX's claim for contributory copyright infringement under an inducement theory is granted, with leave to amend.

## IV.    CONCLUSION

For the reasons above, the Court GRANTS Stanford's motion to dismiss EVOX's claim for contributory copyright infringement under an inducement theory with leave to amend.

Should EVOX elect to file a second amended complaint, EVOX shall do so within 21 days of this order, or by November 19, 2025.  Stanford's response to the complaint, either the first amended or second amended, shall be due by December 3, 2025.

**IT IS SO ORDERED.**

Dated: October 30, 2025

Noël Wise
United States District Judge

United States District Court
Northern District of California

5