**CALLAHAN & BLAINE, PC**
Michael J. Sachs (Bar No. 134468)
MJS@callahan-law.com
Jason P. Casero (Bar No. 263933)
jcasero@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff EVOX PRODUCTIONS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> THE LELAND STANFORD JUNIOR UNIVERSITY, WILLIAM MARSH RICE UNIVERSITY, BAYLOR COLLEGE OF MEDICINE; and DOES 1-10,, <br><br> Defendant. | CASE NO. 5:24-CV-09521-NW <br><br> **EVOX PRODUCTIONS LLC'S OPPOSITION TO MOTION TO DISMISS** <br><br> Judge: Hon. Noel Wise <br> Date: March 11, 2026 <br> Time: 9:00 a.m. <br> Courtroom: 8 |

CALLAHAN & BLAINE, PC
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

- 1 -

CALLAHAN & BLAINE, PC
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................................1

II.   LEGAL STANDARD ...............................................................................................2

III.  ARGUMENT ............................................................................................................2

    A.   In Order to Plead a Claim for Contributory Copyright Infringement, a Plaintiff Must Allege That a Defendant EITHER (1) Materially Contributed to Infringement, OR (2) Induced It ................................................................2

    B.   Stanford Has Not Challenged EVOX's Allegations Supporting a Material Contribution Theory of Contributory Infringement ........................................3

    C.   This Court Has Already Ruled that EVOX Has Sufficiently Alleged Contributory Infringement Under a Material Contribution Theory ....................4

    D.   In the *Alternative*, EVOX Has Sufficiently Alleged the Inducement Theory of Contributory Infringement ...............................................................4

        1.   EVOX Has Amended Its Allegations to Respond to the Concerns Set Forth in the Court's October Order ...............................................5

        2.   EVOX's Amended Allegations Meet the Technical Requirements for Pleading the Inducement Theory of Contributory Infringement .............6

    E.   Stanford's Effort to Revive its Fair Use Defense on a Motion to Dismiss is Misplaced and Premature ..........................................................................7

IV.   CONCLUSION .......................................................................................................10

CALLAHAN & BLAINE, PC
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*,
    598 U.S. 508 (2023). (Mot. .)............................................................................................ 7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 2

*Authors Guild v. Google, Inc.*,
    804 F.3d 202 (2d Cir. 2015).................................................................................................. 8

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988)............................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................. 2

*Bill Graham Archives v. Dorling Kindersley Ltd.*,
    448 F.3d 605 (2d Cir. 2006)................................................................................................. 8

*Campbell v. Acuff-Rose Music, Inc.*,
    510 U.S. 569 (1994) ............................................................................................................. 9

*Columbia Pictures Indus., Inc. v. Fung*,
    710 F.3d 1020 (9th Cir. 2013).............................................................................................. 3

*Kadrey v. Meta Platforms, Inc.*,
    788 F. Supp. 3d 1026 (N.D. Cal. 2025) ............................................................................... 8

*Keniston v. Roberts*,
    717 F.2d 1295 (9th Cir. 1983).............................................................................................. 10

*Krafton, Inc. v. Apple, Inc.*,
    2023 WL 2628068 (C.D. Cal. Feb. 24, 2023)....................................................................... 8

*Leadsinger, Inc. v. BMG Music Pub.*,
    512 F.3d 522 (9th Cir. 2008)................................................................................................ 7, 8

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000).............................................................................................. 10

*Perfect 10, Inc. v. Giganews, Inc.*,
    2014 WL 8628031 (C.D. Cal. Nov. 14, 2014), aff'd, 847 F.3d 657 (9th Cir.
    2017) .................................................................................................................................... 3

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW

*Perfect 10, Inc. v. Giganews, Inc.,*
   *847 F.3d 657 (9th Cir. 2017)* ................................................................................ 1, 2, 3

**Statutes**

17 U.S.C. § 107 ........................................................................................................ 8


**Other Authorities**

Rule 12(b)(6) ............................................................................................................. 2

Rule 15 ..................................................................................................................... 11

CALLAHAN & BLAINE, PC
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

## I.    **<u>INTRODUCTION</u>**

The sole matter at issue in the instant motion (ECF No. 68; hereinafter, "**Motion**") is whether EVOX Productions, LLC ("**EVOX**" or "**Plaintiff**") has sufficiently alleged a claim of contributory copyright infringement.  Based upon a plain reading of California law, and this Court's prior orders, it is clear that it has.  It is therefore unsurprising that defendant The Leland Stanford Junior University ("**Stanford**" or "**Defendant**") altogether avoids a meaningful analysis of the decision in *Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 670 (9th Cir. 2017)*, the Ninth Circuit case that sets forth the elements of a contributory copyright infringement claim.

Instead, Stanford asks this Court to leapfrog a careful analysis of EVOX's allegations, and to consider whether Stanford's wholesale distribution of EVOX's copyrighted images for a purported academic purpose constitutes "fair use" under the Copyright Act.  But this Court already considered – and rejected – a similar fair use argument in Stanford's original motion.  (*See* ECF No. 55 ("Order Granting Joint Motion to Dismiss and Granting in Party and Denying in Part Motion to Dismiss").)  Absent an agreement by the parties upon the critical facts – which is not present here – the success of a fair use defense cannot be determined at the pleadings stage.

Whether purposeful or not, Stanford's argument successfully highlights the question at the heart of this dispute: That is, does a purported academic purpose immunize a defendant who has reproduced, distributed, and publicly displayed the copyrighted works of others without license or authorization?  The law does not support this defense.  Moreover, EVOX has credibly alleged that Stanford's conduct facilitated and induced third parties to use EVOX's copyrighted images to develop commercial products.

The key factors that will inform the outcome of Stanford's fair use defense are undeniably factual and cannot be resolved at this juncture.  For instance, whether Stanford's use of EVOX's copyrighted images was transformative, whether it had a commercial purpose, whether it impacted EVOX's licensing business, and other related issues will be answered another day.  For the purposes of the instant motion, the Court need only determine whether EVOX has adequately alleged a claim for contributory infringement.  It has, and the Motion should be denied.

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint need only articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (dismissing a conspiracy claim when the complaint alleged only "parallel conduct and a bare assertion of conspiracy"). Although a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true.  *Id.* (citing *Twombly*, 550 U.S. at 555).

## III.   ARGUMENT

Stanford contends that EVOX has not sufficiently alleged a claim for contributory copyright infringement.  Stanford's reading of the Second Amended Complaint, however, clearly ignores EVOX's allegations.

### A.   **In Order to Plead a Claim for Contributory Copyright Infringement, a Plaintiff Must Allege That a Defendant EITHER (1) Materially Contributed to Infringement, OR (2) Induced It**

In order to state a claim for contributory copyright infringement, a plaintiff must allege that a defendant "(1) has knowledge of another's infringement and (2) *either* (a) materially contributes to *or* (b) induces that infringement." *Perfect 10, Inc. v. Giganews, Inc. ("Giganews")*, 847 F.3d 657, 670 (9th Cir. 2017)(quoting *Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*, 494 F.3d 788, 794–95 (9th Cir. 2007)(emphasis added)).  In *Giganews*, the Ninth Circuit made clear that material contribution was an independent theory of contributory copyright infringement.  847 F.3d at 672 (referring to plaintiff's material contribution argument as its "*first* theory of contributory infringement liability")(emphasis added).  To make the point clear, it also referred to the inducement theory is an "*alternate* theory of contributory infringement liability." *Id*. (emphasis added).

- 2 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

Myriad cases are in accord, explaining that the material contribution theory and inducement theory are alternative grounds for contributory infringement liability.  Indeed, in the district court case *Perfect 10, Inc. v. Giganews, Inc.*, 2014 WL 8628031, at *6 (C.D. Cal. Nov. 14, 2014), aff'd, 847 F.3d 657 (9th Cir. 2017), the Central District of California observed that "the Ninth Circuit has repeatedly held that the two tests are alternative."  For instance, in *Columbia Pictures Indus., Inc. v. Fung*, the court recognized that sufficiently alleging one theory was sufficient to state a claim for contributory infringement.  710 F.3d 1020, 1030 n.11 (9th Cir. 2013)("In light of its holding on the inducement theory, the district court did not evaluate . . . the 'material contribution' theory of copyright infringement").

Thus, in order to sufficiently plead a claim for contributory copyright infringement, EVOX must plead that Stanford *either* materially contributed to infringement by third parties, *or in the alternative*, induced it.

### B.      Stanford Has Not Challenged EVOX's Allegations Supporting a Material Contribution Theory of Contributory Infringement

EVOX has alleged that Stanford is liable for contributory infringement under both available theories.  Specifically, EVOX has alleged that "Stanford is liable for contributory infringement because its representatives [1] materially contributed and [2] knowingly induced others to violate EVOX's copyrights . . . ."  (SAC ¶ 59.)  EVOX has also offered allegations supporting both theories.  (*See* SAC ¶¶ 60-62 (relating to material contribution theory); SAC ¶¶ 63-70 (relating to inducement theory).)

Although EVOX has alleged two alternative theories for contributory infringement, Stanford only seeks to dismiss one theory.  In its notice of motion, Stanford asserts:

> Stanford seeks an Order dismissing with prejudice Count Two . . . to the extent it alleges <u>contributory infringement based on an inducement theory</u>. Plaintiff cannot state a plausible claim for inducement of infringement under the Copyright Act, 17 U.S.C. § 101 et seq.

(Motion at 1:7-11, Notice of Motion (emphasis added).)  Thus, Stanford has not challenged EVOX's allegations supporting a material contribution theory of copyright infringement, and its effort to dismiss EVOX's contributory infringement claim should be rejected for that reason alone.

- 3 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

**C.** **This Court Has Already Ruled that EVOX Has Sufficiently Alleged Contributory Infringement Under a Material Contribution Theory**

It is not surprising that Stanford has not challenged EVOX's material contribution theory of copyright infringement, because this Court has already concluded that EVOX's allegations with respect to this theory are sufficient. In its October 30, 2025 order (ECF No. 65; hereinafter, "**October Order**"), the Court recognized that a defendant:

> . . . is liable under a ***material contribution theory*** of infringement if it has actual knowledge that specific infringing materials is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works.

(quoting *Giganews*, 847 F.3d 657 at 671 (internal quotes omitted; emphasis added).)

The Court began by noting that it had "already found that EVOX sufficiently alleged knowledge" in a previous order. (October Order at 4:10 (citing ECF No. 55; hereinafter "**July Order**").) But the Court did not end there. It recognized that EVOX not only alleged that "Stanford could have taken simple steps" to prevent infringement (October Order at 4:11-12), but also that "Stanford continued to provide access to EVOX's copyrighted images long after the images should have been taken down." (October Order at 4:16-18.) Accordingly, with respect to EVOX's material contribution theory of contributory infringement, the Court concluded simply: "This is sufficient at the pleading stage." (October Order at 4:20 (emphasis added).)

**D.** **In the *Alternative*, EVOX Has Sufficiently Alleged the Inducement Theory of Contributory Infringement**

Stanford has failed to challenge EVOX's material contribution theory of contributory infringement, and its motion should be denied for that reason alone. (*See* Discussion at IV.A., *supra*.) As an additional basis for liability, however, EVOX has also sufficiently alleged contributory infringement under the inducement theory. EVOX has amended its allegations to respond to this Court's specific concerns, and to meet the technical requirements for pleading the inducement theory of contributory infringement.

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

- 4 -

1.    **EVOX Has Amended Its Allegations to Respond to the Concerns Set Forth in the Court's October Order**

In its October Order, this Court expressed its concern with EVOX's allegations supporting the inducement theory of contributory infringement as follows:

> In its FAC, EVOX fails to plead sufficient facts, as opposed to legal conclusions, to support an inducement theory. For example, EVOX alleges that "Stanford made EVOX's copyrighted [i]mages available on its servers with the express purpose of sharing them with third parties that did not have license or authorization to use them." Id. ¶ 52. Lacking are the facts demonstrating this conclusion. How does EVOX know Stanford made its images available with this express purpose?

(ECF No. 65 at 5:6-11 (emphasis added).)

In its Second Amended Complaint, EVOX has responded to the Court's concern by explaining precisely why "EVOX know[s] Stanford made its images available" with "the express purpose of sharing them with third parties that did not have license or authorization to use them." Specifically, EVOX has alleged that the Stanford personnel who gathered and assembled EVOX's copyrighted images made them available from Stanford's servers for the practice "widely referred to as 'peer review.'" (SAC ¶ 68.)  Peer review involves the distribution of research data – in this case, EVOX's copyrighted images – so that other "researchers can test their research methods." (*Id.*)

The facts supporting EVOX's conclusion that Stanford intended to share EVOX's copyrighted images with third parties could not be more clear:

- *First*, Stanford personnel knew that they were collecting images that were potentially copyright protected.  For instance, they acknowledged that the use of certain data could be limited by "serious privacy and copyright concerns."  (SAC ¶¶ 32-33.)

- *Second*, Stanford personnel knew – or should have known – that the images it collected were protected by copyright because they were collected from commercial sources.  (SAC ¶ 35.)

- *Third*, Stanford personnel distributed EVOX's copyrighted images from Stanford

- 5 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

servers so that other researchers could reproduce, distribute, and potentially display them through the process known as "peer review." (SAC ¶¶ 66-68.)

▪ *Finally*, this Court has already concluded that Stanford was aware that this process resulted in infringement of EVOX's copyrights by third parties. (July Order at 12:28-13:25.)

Additionally, there can be no reasonable dispute that Stanford knew that it was sharing EVOX's copyrighted images with third parties "that did not have license or authorization to use them." (October Order at 5:9.) If Stanford was aware that it did not have a license for the copyrighted images, it cannot contend that any third party who elected to retrieve them from Stanford's servers had a license.

Thus, in response to the Court's concern regarding how EVOX could know that Stanford had the "express purpose" of sharing EVOX's copyrighted images with other third parties, the Second Amended Complaint supplies a clear answer. In fact, in its Motion Stanford appears to acknowledge this intention – but claims that it constitutes fair use. (Mot. at 2:15-16 (referring to the alleged use as "transformative as a matter of law").)

### 2. EVOX's Amended Allegations Meet the Technical Requirements for Pleading the Inducement Theory of Contributory Infringement

In addition to addressing the Court's specific concerns, EVOX's amended allegations also meet the technical pleading requirements for the inducement theory of contributory infringement. In its October Order, the Court recognized that pleading the inducement theory requires "four elements: (1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." (ECF No. 65 at 5:2-4 (quoting *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013)).) The third requirement, acting with the "object of promoting its use to infringe copyright," was the Court's primary concern and has already been addressed herein. (*See* Section III.1., *supra*.)[1]

---

[1]    As the Court explained in its order, "[t]he third element is at issue here." (ECF No. 65 at 5:4-5.) EVOX does not presume, however, that the Court does not have concerns regarding the other factors. Accordingly, EVOX briefly addresses them here.

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

Regarding the first factor, distribution "of a device or product," EVOX alleges that Stanford distributed its copyright images. (*See, e.g.*, SAC ¶ 46 ("Stanford violated EVOX's exclusive right of distribution when its representatives . . . copied EVOX's copyrighted Images and made them available to the public at large"); SAC ¶ 63 ("Stanford then distributed these datasets by making them available for download from Stanford's servers").)

Regarding the second factor, "acts of infringement," this Court has already concluded that EVOX has sufficiently alleged a claim for copyright infringement. (ECF No. 55 at 12 ("The Court denies Stanford's motion to dismiss EVOX's claim for direct copyright infringement").) Moreover, EVOX has alleged that "[t]hird parties violated EVOX's exclusive rights of reproduction by downloading the copyrighted Images from Stanford's servers." (SAC ¶ 57.) EVOX has also alleged that at least one for-profit company has used the EVOX images distributed without license or authorization. (SAC ¶ 21.) Therefore, EVOX has sufficiently alleged "acts of infringement."

Finally, EVOX has sufficiently alleged the final factor: Causation. Specifically, "[b]ut for Stanford's conduct, additional acts of copyright infringement by third parties would not have occurred." (SAC ¶ 71.) Further, "EVOX has been damaged by Stanford's contributory infringement in an amount to be determined." (SAC ¶ 72.)

**E.      Stanford's Effort to Revive its Fair Use Defense on a Motion to Dismiss is Misplaced and Premature**

Stanford initially moved to dismiss EVOX's direct infringement claims on the grounds that the alleged conduct constituted fair use. (ECF No. 28.) *See also* 17 U.S.C. § 107. Although the Court acknowledged that fair use can be decided on a motion to dismiss "when no material facts are in dispute" (July Order at 11:16-17 (citing *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008)), it ultimately rejected Stanford's arguments. (July Order at 12:17-18.) Stanford now contends that violating EVOX's copyrights for the purpose of "peer review" constitutes fair use. The argument is unavailing for several reasons.

Stanford first contends that its alleged use of EVOX's images is distinct from EVOX's use and therefore constitutes fair use as set forth in *Andy Warhol Foundation for the Visual Arts, Inc.*

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

- 7 -

*v. Goldsmith*, 598 U.S. 508 (2023). (Mot. at 2:4-11.) As a preliminary matter, Stanford's reliance on *Goldsmith* is misplaced. There, the Supreme Court reviewed a ruling on motion for summary judgment. 598 U.S. at 522. In order to evaluate the lower courts' rulings on fair use, the Supreme Court's opinion reflects a detailed consideration of a rich factual history so that the fair use factors could be carefully and thoughtfully applied. *See generally Goldsmith*, 598 U.S. 508. The same is not true here, and there are myriad factual issues that must be developed before Stanford's fair use defense can be properly considered.

As explained succinctly in *Krafton, Inc. v. Apple, Inc.*, 2023 WL 2628068, at \*3 (C.D. Cal. Feb. 24, 2023):

> The Court believes that at least three of the four [fair use] factors the Court must consider – the first, third and fourth – are, in this case, factors that can be influenced and informed by the development of evidence via discovery, potentially including input from expert witnesses.

Although recognizing the opinion in *Leadsinger*, wherein the Court considered the fair use defense on a motion to dismiss, it observed *Leadsinger* was "unusual" – in part, because "plaintiff itself had filed a declaratory relief action affirmatively seeking a ruling on fair use." *Krafton*, 2023 WL 2628068, at \*3. This renders dismissal at the pleading stage based upon the fair use defense unwarranted and improper. In fact, <u>each and every one</u> of the cases that Stanford cites in support of its fair use defense (*see* Mot. at 2:4-3:15) was decided on a motion for summary judgment. *See Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 607 (2d Cir. 2006)("We review the district court's grant of <u>summary judgment</u>"); *Authors Guild v. Google, Inc.*, 804 F.3d 202, 207 (2d Cir. 2015)(plaintiffs "appeal from the grant of <u>summary judgment</u>"); *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1038 (N.D. Cal. 2025)("fair use can be addressed at <u>summary judgment</u>")(emphasis added throughout).

As for the substance of Stanford's argument, its primary position is untenable. It contends that because EVOX's purpose is to license its images – and Stanford's purpose *is not* to license images – Stanford's use of the images is necessarily fair. (Mot. at 2:4-14.) If this were an accurate recitation of the law, no copyright holder could enforce its rights unless the defendant was *also* licensing the copyrighted images. The rights conferred by the Copyright Act, however, are not so

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

- 8 -

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

narrow. It is therefore unsurprising that Stanford has failed to offer a single case supporting liability only where the alleged infringer is licensing the copyrighted works of another.

Although premature, Stanford's effort to invoke the fair use defense at the pleading stage nevertheless highlights what will ultimately be at issue in this case. Stanford will contend that, because its conduct supports a purported academic, non-profit purpose, its potentially willful violation of EVOX's copyrights is somehow excused. That is not the law, and Stanford has failed to cite any authority supporting its view that infringing copyrights for the purpose of "peer review" is beyond the reach of the Copyright Act.[2] Court's have recognized that academic pursuits do not automatically qualify as fair use. "Accordingly, the mere fact that a use is educational and not for profit does not insulate it from a finding of infringement, any more than the commercial character of a use bars a finding of fairness." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 584 (1994). In *Harper & Row Publishers, Inc. v. Nation Enters.*, the Supreme Court explained:

> The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price.

471 U.S. 539, 562 (1985).

Stanford's arguments on this issue are intended to obfuscate the traditional meaning of "purpose." Stanford contends that because its intent was to share EVOX's images for the purpose of peer review, it did not act with the *intention* of infringing EVOX's copyrights. (Mot. at 2:2-3 ("Stanford lacked the requisite intent necessary to support an inducement claim").) Even if Stanford acted with an academic purpose – a factual issue which will have to be resolved at a later date – it still *intended* to share EVOX's copyrighted images without license or authorization. And it did so in advance of its own interests. Moreover, as EVOX has plausibly alleged, Stanford's

---

[2] To be sure, one can anticipate how such a rule could be abused. A researcher could share the entire musical library of a popular musical artist (*e.g.*, Taylor Swift, Beyonce, etc.) under the guise of "peer review," thereby impacting the demand for those works in approved, commercial markets.

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW

actions resulted in the infringement of EVOX's copyrights by third parties.  This constitutes not only material contribution to infringement, but also inducement of infringement.  Accordingly, EVOX has sufficiently alleged that Stanford engaged in contributory infringement, and Stanford's Motion must be denied.

## IV.   CONCLUSION

For the reasons set forth herein, EVOX respectfully requests that the Court deny Stanford's Motion in its entirety.  If the Court decides that EVOX's claims require additional specificity, however, it should grant leave to amend.  A district court should freely grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); s*ee also Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir.1981) ("[o]rdinarily, leave to amend should be freely given in the absence of prejudice to the opposing party")). This standard "is generous" and leave "should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *see* Lopez, 203 F.3d at 1127 ("the underlying purpose of Rule 15 ... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities.").

DATE:  December 17, 2025                    **CALLAHAN & BLAINE, PC**

By*:*

Michael Sachs
Jason Casero
Plaintiff EVOX PRODUCTIONS LLC

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

**CERTIFICATE OF SERVICE**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

**EVOX PRODUCTIONS, LLC v.  THE LELAND STANFORD JUNIOR UNIVERSITY, et al.,**
**Case No.: 5:24-cv-09521-NW**

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707**.

On December 17, 2025, I served the following document(s) described as

**EVOX PRODUCTIONS LLC'S OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in this action by placing: ☐ the original ☒ a true copy to the following e-mail addresses as follows:

☒ **BY ELECTRONIC MAIL:** I electronically filed such document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet as listed below:

**Joseph Edward Petersen**    jpetersen@ktslaw.com, agarcia@ktslaw.com, lpaul@ktslaw.com
*Attorney for Defendant The Leland Stanford Junior University*

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 17, 2025, at Santa Ana, California.

_____
Maria Martinez  mmartinez@callahan-law.com

OPPOSITION TO MOTION TO DISMISS
CASE NO. 5:24-cv-09521-NW