**KILPATRICK TOWNSEND & STOCKTON LLP**
Joseph Petersen (SBN 304597)
*jpetersen@ktslaw.com*
1302 El Camino Real, Suite 175
Menlo Park, California  94025
Telephone: (650) 614-6427
Facsimile: (650) 644-0570

Kollin J. Zimmermann (SBN 273092)
*kzimmermann@ktslaw.com*
1801 Century Park East, Suite 2300
Los Angeles, California  90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Sara K. Stadler (admitted *pro hac vice*)
*sstadler@ktslaw.com*
Briggs M. Wright (admitted *pro hac vice*)
*briggs.wright@ktslaw.com*
3 Times Square
New York, New York  10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

Counsel for Defendant The Board of Trustees of the Leland Stanford
Junior University, sued as The Leland Stanford Junior University

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware corporation, | Case No. 5:24-cv-09521-NW |
| *Plaintiff,* | **DEFENDANT THE LELAND STANFORD JUNIOR UNIVERSITY'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| THE LELAND STANFORD JUNIOR UNIVERSITY and DOES 1–10, | Judge:      Hon. Noel Wise |
| *Defendants.* | Date:       March 11, 2026<br>Time:       9:00 a.m.<br>Courtroom:  8 |

## **TABLE OF CONTENTS**

I.    ARGUMENT ..................................................................................................1

    A.    Plaintiff's Own Allegations Negate the Requisite
        Element of Intent to Induce Infringement........................................1

    B.    Stanford Does Not Seek Dismissal of Plaintiff's
        Contributory Infringement Claim Based on a
        Material Contribution Theory. .........................................................2

    C.    Plaintiff's Amended Inducement Allegations Fail
        (Again) as a Matter of Law. .............................................................2

II.   CONCLUSION ..............................................................................................4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Columbia Pictures Indus., Inc. v. Fung,*
   710 F.3d 1020 (9th Cir. 2013)............................................................................... 1

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) ............................................................................................. 3

*Perfect 10, Inc. v. Giganews, Inc.*,
   847 F.3d 657 (9th Cir. 2017).......................................................................... 1, 4

**Statutes**

17 U.S.C. § 107 ............................................................................................................ 2

## I.   ARGUMENT

Stanford's motion seeks dismissal of Plaintiff's second amended contributory infringement claim to the extent it relies on an inducement theory. Mot. to Dismiss ("Motion" or "Mot.") at 1, Dkt. 68 at 4. As discussed below, Plaintiff's opposition sets up a straw man that ultimately does not engage with the central point of Stanford's Motion, and Plaintiff's arguments cannot save its inducement claim from dismissal.

### A.   Plaintiff's Own Allegations Negate the Requisite Element of Intent to Induce Infringement.

Plaintiff incorrectly argues that Stanford seeks a ruling on fair use, then proceeds to argue fair use on the merits. *See* Opp. to Mot. to Dismiss ("Opp.") at 1, 7–10, Dkt. 70 at 5, 11–14. Plaintiff misses the point. Stanford seeks dismissal of Plaintiff's contributory infringement claim to the extent it alleges inducement because *Plaintiff's own allegations* establish that Stanford "distributed the datasets containing EVOX's copyrighted Images for the express purpose of allowing other researchers to confirm the validity of its underlying research." *See* SAC ¶¶ 68–69, Dkt. 67 at 11. This "express purpose" (Plaintiff's words) negates any possibility that Stanford distributed its datasets with "an object of promoting [their] use to infringe copyright." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 672 (9th Cir. 2017) (quoting *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013)).

At this stage, the question is not whether the "standard academic practice" known as "peer review"—i.e., making datasets available "so that other researchers can test their research methods"—constitutes a fair use. *See* SAC ¶ 68, Dkt. 67 at 11. The question is whether Stanford distributed the datasets with the intention of promoting their use to infringe the alleged copyrights in Plaintiff's images. Plaintiff's own allegations undermine any such intent. Indeed, according to Plaintiff, Stanford "distributed the datasets containing EVOX's copyrighted Images for the express purpose of allowing other researchers to confirm the validity of its underlying

STANFORD'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED INDUCEMENT CLAIM
CASE NO. 5:24-cv-09521-NW

1

research"—a "standard academic practice." *Id.* ¶¶ 68, 69, Dkt. 67 at 11. Taking these allegations as true, Stanford distributed its datasets for an accepted academic purpose, not to promote infringement. Plaintiff cannot plausibly allege otherwise.

### B.    Stanford Does Not Seek Dismissal of Plaintiff's Contributory Infringement Claim Based on a Material Contribution Theory.

Plaintiff incorrectly argues that Stanford contends Plaintiff "has not sufficiently alleged a claim for contributory copyright infringement." Opp. at 2, Dkt. 70 at 6. Again, Plaintiff misses the point. The Court found Plaintiff sufficiently alleged contributory infringement based on a material contribution theory, but held Plaintiff "fail[ed] to plead sufficient facts, as opposed to legal conclusions, to support an inducement theory." Dkt. 65 at 4, 5. Plaintiff attempted to replead its inducement allegations, but once again, those allegations fail to state a claim as a matter of law. Stanford's Motion seeks dismissal of Plaintiff's Second Amended Complaint only "to the extent it alleges contributory infringement based on an inducement theory." Mot. at 1, Dkt. 68 at 4.

### C.    Plaintiff's Amended Inducement Allegations Fail (Again) as a Matter of Law.

Plaintiff incorrectly argues it sufficiently alleged intent to induce infringement by alleging "that the Stanford personnel who gathered and assembled EVOX's copyrighted images made them available from Stanford's servers for the practice widely referred to as 'peer review'"—namely, the "distribution of research data—in this case, EVOX's copyrighted images—so that other researchers can test their research methods." Opp. at 5, Dkt. 70 at 9 (citing SAC ¶ 68, Dkt. 67 at 11). According to Plaintiff, the mere fact that this alleged use was unlicensed suffices to establish that Stanford believed it was infringing. *Id.* This is a *non sequitur*. As Stanford has already pointed out, fair uses of copyrighted works need not be licensed because they are "not . . . infringement[s] of copyright." 17 U.S.C. § 107.

Plaintiff also contends "this Court has already concluded that Stanford was aware that [the distribution of datasets] resulted in infringement of EVOX's copyrights by third parties," citing this Court's July 23, 2025, order. Opp. at 6, Dkt. 70 at 10 (citing Dkt. 55 at 12–13). Not so. The Court found Plaintiff's material contribution averments *sufficient to allege* (on information and belief) that Stanford "was aware" the websites listed in Paragraph 26 of the Second Amended Complaint "had copied the EVOX Images from Stanford's website, and were making them available to the public at large without license or authorization." Dkt. 55 at 13; *see* Compl. ¶ 37, Dkt. 1 at 7; SAC ¶ 26, Dkt. 67 at 5–6. The Court has not *concluded* anything about Stanford's alleged awareness at the pleadings stage.

Further, even if Plaintiff could prove that Stanford was aware of what those websites were doing (it cannot), this would not suffice to establish that Stanford intended to induce the websites to *infringe Plaintiff's copyrights*. Even a cursory review of the websites listed in Paragraph 26 of the Second Amended Complaint makes clear that they involve artificial intelligence and machine learning, not "the automobile industry"—Plaintiff's target licensing market. *See* SAC ¶¶ 8–9, Dkt. 67 at 3. These inconvenient facts make it exceedingly difficult for Plaintiff to sustain its burden of proving that these websites directly infringed its alleged copyrights. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement . . . .").

Even at the pleadings stage, however, Stanford's alleged awareness that websites devoted to artificial intelligence and machine learning allegedly made its datasets available without a license from Plaintiff does not suffice to plead that Stanford intended to induce those websites to *infringe Plaintiff's copyrights*. Plaintiff's contention appears to be that any unlicensed use of its images is copyright infringement *per se*. This is not the law.

STANFORD'S REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED INDUCEMENT CLAIM
CASE NO. 5:24-cv-09521-NW

3

## II.     CONCLUSION

The alleged facts surrounding Stanford's distribution of its datasets "could not be more clear." Opp. at 5, Dkt. 70 at 9. To quote Plaintiff's operative pleading, Stanford allegedly "distributed the datasets containing EVOX's copyrighted Images for the express purpose of allowing other researchers to confirm the validity of its underlying research," i.e., to facilitate "peer review," in accordance with "standard academic practice for researchers to publish and make available datasets used to develop their work, so that other researchers can test their research methods." SAC ¶¶ 68–69, Dkt. 67 at 11. In view of these averments, Plaintiff cannot plausibly allege that Stanford had "an object of promoting . . . use [of a device] to infringe copyright." *See Giganews*, 847 F.3d at 672 (citation omitted). Plaintiff therefore cannot plausibly plead inducement as a matter of law.

For the foregoing reasons and those provided in its Motion, Stanford respectfully asks the Court to grant that Motion and dismiss with prejudice Plaintiff's contributory infringement claim based on an inducement theory.

DATED:  December 24, 2025          Respectfully submitted,

KILPATRICK TOWNSEND &
STOCKTON LLP


By:  _____
Joseph Petersen

Counsel for Defendant The Board of
Trustees of the Leland Stanford
Junior University, sued as The Leland
Stanford Junior University