United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOX PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Defendant. | Case No. 24-cv-09521-NW<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: ECF No. 68 |

On December 3, 2025, Defendant The Leland Stanford Junior University ("Stanford") filed a motion to dismiss Plaintiff EVOX Productions, LLC's ("EVOX") second amended complaint. ECF No. 68. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the March 11, 2026 hearing, and GRANTS the motion without leave to amend.

## I. BACKGROUND[1]

The facts in this case were outlined in two prior orders resolving two prior motions to dismiss and will not be repeated in detail here. ECF Nos. 55, 65.[2] The facts pertinent to the current motion follow.

On July 23, 2025, the Court granted in part and denied in part Stanford's motion to dismiss the original complaint. ECF No. 55. In particular, the Court dismissed EVOX's claim for contributory copyright infringement with leave to amend. *Id.* at 14.

---

[1] The factual background is drawn from EVOX's second amended complaint. *See* Second Amend. Compl. ("SAC"), ECF No. 68.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

On October 30, 2025, the Court granted Stanford's motion to dismiss the first amended complaint wherein the Court again dismissed EVOX's claim for contributory copyright infringement (though only as to the inducement theory) with leave to amend. ECF No. 65 at 5.

On November 19, 2025, EVOX filed the SAC. In it, EVOX adds the following allegations under a heading titled "Inducement."

- "Indeed, it is standard academic practice for researchers to publish and make available datasets used to develop their work, so that other researchers can test their research methods. This is widely referred to as 'peer review.'" SAC ¶ 68.

- "That is precisely what happened here. In fact, Stanford has acknowledged that it distributed the datasets containing EVOX's copyrighted Images for the express purpose of allowing other researchers to confirm the validity of its underlying research. This does not excuse Stanford's failure to license EVOX's copyrighted work, however, prior to sharing it with others." *Id.* ¶ 69.

- "Moreover, Stanford has no means of confirming that the third parties who reproduced, distributed, or publicly displayed EVOX's copyrighted Images did so for academic purposes." *Id.* ¶ 70.

Other than these added allegations, EVOX's second amended complaint is nearly identical to its first amended complaint.

On December 3, 2025, Stanford filed a motion to dismiss EVOX's claim for contributory copyright infringement under an inducement theory. ECF No. 68. EVOX opposed and Stanford filed a reply. ECF Nos. 70, 71. In its reply, Stanford states that it does not seek dismissal of EVOX's claim for contributory copyright infringement based on a material contribution theory. ECF No. 71 at 5.

## II.  LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

United States District Court
Northern District of California

However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   DISCUSSION

In its motion to dismiss a portion of the SAC, Stanford again argues that EVOX's allegations are insufficient to state a claim for contributory copyright infringement under an inducement theory.  ECF No. 68 at 4-9.  EVOX disagrees and argues that its second amended complaint is both sufficient and addresses the deficiencies identified in the Court's prior order. ECF No. 70 at 6-14.  On this, the Court agrees with Stanford and finds EVOX's SAC fails to state a claim for contributory copyright infringement under an inducement theory.

A defendant is contributorily liable for inducing copyright infringement if he "distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Perfect 10, Inc. v. Giganews, Inc.* ("*Giganews*"), 847 F.3d 657, 672 (9th Cir. 2017) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* ("*Grokster*"), 545 U.S. 913, 936-37 (2005)).  "[I]nducement 'premises liability on purposeful, culpable expression and conduct, and thus does nothing to compromise legitimate commerce or discourage innovation having a lawful promise.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n* ("*Visa*"), 494 F.3d 788, 801 (9th Cir. 2007).  Notably, it requires "[e]vidence of active steps . . . taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use." *Grokster*, 545 U.S. at 936 (cleaned up).  "If liability for inducing infringement is ultimately found, it will not be on the basis of presuming or imputing fault, but from inferring a patently illegal objective from statements and actions showing what that objective was." *Id.* at 941 (finding defendants' unlawful objective unmistakable where, along with distributing their own infringing software, they advertised their software's ability to access copyrighted music and presented themselves as an alternative to Napster).

Here, EVOX fails to plead facts that support an inference of Stanford's "patently illegal objective."  Instead, the SAC alleges facts that support the opposite—that Stanford's purpose in

using EVOX's copyrighted images may have been lawful.[3] Indeed, EVOX's allegations support the inference that Stanford intended to engage in academic research, not foster copyright infringement. *See e.g.* SAC ¶ 69 (stating that Stanford "distributed the datasets containing EVOX's copyrighted Images for the express purpose of allowing other researchers to confirm the validity of its underlying research"); *see also id.* ¶ 68 (noting that "it is standard academic practice for researchers to publish and make available datasets used to develop their work, so that other researchers can test their research methods"). On the whole, this version of the complaint again fails to plead sufficient facts to support an inducement theory of contributory copyright infringement.

Accordingly, Stanford's motion to dismiss EVOX's claim for contributory copyright infringement under an inducement theory is GRANTED.

Next, the Court must decide whether to grant EVOX leave to amend its complaint for a third time. Federal Rule of Civil Procedure 15(a) provides leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). However, "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (citation omitted).

In this action EVOX has filed three complaints, Stanford has filed two motions to dismiss, and the Court has twice granted EVOX leave to amend its complaint. ECF Nos. 55, 65. In dismissing EVOX's first complaint, the Court stated that EVOX's allegations failed to "suggest[] that Stanford expressed an intent to promote infringement or took 'affirmative steps' to foster it." ECF No. 55 at 14. In dismissing the first amended complaint ("FAC"), the Court observed that "EVOX fails to plead sufficient facts, as opposed to legal conclusions, to support an inducement theory." ECF No. 65 at 5. In particular, the FAC lacked facts demonstrating that "Stanford made

---

[3] In so stating, the Court makes no determination about the viability of Stanford's fair use defense.

EVOX's copyrighted [i]mages available on its servers with the express purpose of sharing them with third parties that did not have license or authorization to use them." *Id.* (citing FAC ¶ 52).

Now, in opposing Stanford's third motion to dismiss on this issue, EVOX claims it has corrected the previous complaints' deficiencies by alleging "facts supporting EVOX's conclusion that Stanford intended to share EVOX's copyrighted images with third parties." ECF No. 70 at 9-10 (citing SAC). This assertion misses the mark. It is not enough for EVOX to allege facts that show "Stanford intended to share EVOX's copyrighted images with third parties," EVOX must also allege facts that Stanford shared the images with the intent to promote infringement or took affirmative steps to foster it. *Id.* As the Court has explained, EVOX has not made such claims.

Accordingly, the dismissal of EVOX's claim for contributory copyright infringement under an inducement theory is without leave to amend. EVOX has already amended this claim twice and further amendment would be futile. *La Terra Fina USA, LLC v. Reser's Fine Foods, Inc.*, No. 3:23-CV-02631-JSC, 2024 WL 874110, *4 (N.D. Cal. Feb. 29, 2024) (citing *Zucco Partners, LLC*, 552 F.3d at 1007).

## IV. CONCLUSION

For the foregoing reasons, Stanford's motion to dismiss EVOX's claim for contributory copyright infringement under an inducement theory is GRANTED without leave to amend. Stanford must answer the complaint within fourteen days of this Order.

**IT IS SO ORDERED.**

Dated: March 3, 2026

Noël Wise
United States District Judge