**CALLAHAN & BLAINE, PC**
Michael J. Sachs (SBN 134468)
MJS@callahan-law.com
Jason Casero (SBN 263933)
jcasero@callahan-law.com
19900 MacArthur Blvd., Suite 1200
Irvine, CA 92612
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff EVOX PRODUCTIONS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DOES 1-10,<br><br>Defendants. | CASE NO. 5:24-CV-09521-NW<br><br>*Assigned to Hon. Noël Wise*<br>*Courtroom 3*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     April 28, 2026<br>Time:     9:00 AM<br>Ctrm:     3<br>Judge:   Hon. Noël Wise<br><br>Complaint Filed: December 31, 2024 |

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

Pursuant to Northern District of California L.R. 16-9 and the Standing Order for All Civil Cases Before District Judge Noël Wise, EVOX Productions LLC ("EVOX" or "Plaintiff") and The Leland Stanford Junior University ("Stanford" or "Defendant") submit their Joint Case Management Statement as follows:

## I. JURISDICTION AND SERVICE

### A. EVOX's Statement

On January 21, 2025, EVOX voluntarily dismissed its claims against defendant University of Michigan. (ECF No. 20.) On July 23, 2025, this Court dismissed EVOX's claims against defendant William March Rice University and defendant Baylor College of Medicine for lack of personal jurisdiction. (ECF No. 55.)

EVOX believes that this Court has subject matter jurisdiction over its claims for direct copyright infringement and contributory copyright infringement against Stanford pursuant to 17 U.S.C. Section 501, *et seq.*, and 28 U.S.C. Sections 1331 and 1338(a). EVOX also believes that the alleged facts allow this Court to exercise personal jurisdiction over Stanford.

### B. Stanford's Statement

Stanford does not dispute that this Court has personal jurisdiction over Stanford and subject matter jurisdiction over EVOX's claims.

## II. FACTS

### A. EVOX's Statement

EVOX is a leading provider of automobile images. It protects its images with copyright registration, and licenses them to a variety of entities in the automobile industry. In or around September 2020, EVOX discovered that a consortium led by representatives of Stanford reproduced, distributed, and publicly displayed EVOX's copyrighted images without license or authorization by making them available to the public at large from Stanford's computer servers. EVOX alleges that this conduct constitutes direct and contributory copyright infringement.

### B. Stanford's Statement

EVOX's claims relate to a seminal research project in deep learning computing vision. The research is described at length in a 2017 paper entitled *Using Deep Learning and Google Street*

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

*View to Estimate the Demographic Makeup of Neighborhoods Across the United States* (the "2017 Academic Paper"). The 2017 Academic Paper was published in the December 12, 2017, issue of Proceedings of the National Academy of Sciences of the United States of America, a preeminent peer-reviewed scientific journal.

As described in the 2017 Academic Paper, a team of computer science researchers developed a computer model that learned to distinguish automobiles from other objects, and that ultimately was trained to detect and identify specific types of automobiles in Google Street View images of public streets. There are seven named authors of the 2017 Academic Paper; at the time of its publication, five of those authors were associated with Stanford University, one with the University of Michigan, and one with both Baylor College of Medicine and Rice University.

In accordance with customary academic processes, Stanford also provided access to the data underlying the research for purposes of enabling peer review of the study's findings. EVOX claims that its allegedly copyrighted images were included in the images used to develop the computer model and were included in the dataset made available by Stanford for purposes of peer review.

Stanford denies that these facts give rise to liability for direct or contributory copyright infringement.

## III.   LEGAL ISSUES

### A.   EVOX's Statement

EVOX states a claim for direct copyright infringement if it alleges (1) that it owns "the allegedly infringed material," and (2) "that the alleged infringers violat[ed] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001), as amended (Apr. 3, 2001), aff'd sub nom.  EVOX intends to prove that it owns the copyrights at issue, and that Defendants' conduct violates the exclusive rights conferred upon it as a copyright holder pursuant to Section 106 of the Copyright Act.  17 U.S.C. § 106.

### B.   Stanford's Statement

EVOX's claims fail because the alleged uses of EVOX's images are quintessential fair

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

uses under 17 U.S.C. § 107. Additionally, EVOX's contributory infringement claim under a material contribution theory fails because EVOX cannot show that Stanford materially contributed to others' alleged violation of EVOX's copyrights, *see Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017).

## IV.  MOTIONS

### A.  EVOX's Statement

This Court dismissed EVOX's claims against defendants William March Rice University and Baylor College of Medicine for lack of personal jurisdiction, without leave to amend.  (ECF No. 55.)  After a series of motions to dismiss and subsequent amendments, this Court also dismissed EVOX's claim for contributory copyright infringement against Stanford.  (ECF No. 74.)

### B.  Stanford's Statement

Stanford anticipates moving for summary judgment on all of EVOX's claims.

## V.  AMENDMENT OF PLEADINGS

### A.  EVOX's Statement

EVOX does not currently anticipate the need to further amend its complaint.

### B.  Stanford's Statement

Stanford does not currently anticipate any amendments to pleadings.

## VI.  EVIDENCE PRESERVATION

### A.  EVOX's Statement

EVOX certifies that its counsel has reviewed the ESI Guidelines, and the parties have met and conferred pursuant to Fed. R. Civ. P.  ("FRCP") 26(f) regarding reasonable and proportionate steps necessary to preserve evidence.

### B.  Stanford's Statement

Stanford certifies that its counsel has reviewed the ESI Guidelines, and the parties have met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps necessary to preserve evidence.

## VII.  DISCLOSURES

### A.  EVOX's Statement

The Parties are not aware that the court has set a date for initial disclosures that deviates from Fed. R. Civ. Proc. 26(a)(1)(C). Accordingly, the deadline for initial disclosures was September 30, 2025, fourteen (14) days after the parties' Rule 26(f) conference held on September 9, 2025. The parties exchanged their initial disclosures pursuant to this deadline.

### B. Stanford's Statement

Stanford agrees with EVOX's statement.

## VIII. DISCOVERY

### A. EVOX's Statement

The parties had previously agreed to stay their discovery efforts pending the initial Case Management Conference, and issuance of the scheduling order. In order to avoid any additional delay, however, the parties have agreed to proceed with discovery. Thus, the parties have exchanged their initial set of discovery requests.

### B. Stanford's Statement

Stanford agrees with EVOX's statement.

## IX. CLASS ACTIONS

Not Applicable.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

### A. EVOX's Statement

EVOX seeks to recover damages against Stanford pursuant to 17 U.S.C. § 504. At any time before final judgment is rendered, EVOX may elect to seek actual damages and profits pursuant to 17 U.S.C. § 504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

Without the benefit of pre-trial discovery, EVOX cannot yet estimate the damages available pursuant to Section 504(b).

Section 504(c)(1) provides that EVOX may recover statutory damages in a range of $750 to $30,000 per infringement, in an amount that is ultimately determined to be just. To date, EVOX has been able to identify the copyright registrations for 8,100 of the images at issue. Thus,

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

- 4 -

the minimum statutory damages recoverable are $6,075,000 (*i.e.*, 8,100 x $750). If the infringement is proven to be willful, statutory damages may be increased up to $150,000 per infringement.

### B. Stanford's Statement

Stanford denies that EVOX has any entitlement to relief and Stanford intends to seek recovery of its attorneys' fees and costs in accordance with 17 U.S.C. § 505. If liability were established, Stanford submits that the damages to which EVOX would be entitled are the minimum statutory damages recoverable, given the transformative purpose of Stanford's scholarly research and the lack of any cognizable harm to the relevant market for EVOX's images, among other factors indicating the lack of any willful infringement by Stanford.

## XII. SETTLEMENT AND ADR

### A. EVOX's Statement

The parties engaged in extensive settlement communications prior to the filing of the complaint. EVOX and Stanford participated in an in-person mediation session with Gail Migdal (ADR Services, Century City, CA) on April 25, 2024. The parties have been unable to reach a resolution. Pursuant to ADR L.R. 3-5, the parties have met and conferred, and agree that additional settlement efforts would not be productive at this time.

### B. Stanford's Statement

Stanford agrees with EVOX's statement.

## XIII. OTHER REFERENCES

On April 7, 2025, the parties filed their Joint Notice of Parties' Declination to Magistrate Judge. (ECF No. 52.)

## XIV. NARROWING OF ISSUES

### A. EVOX's Statement

EVOX believes that this is a straightforward instance of copyright infringement, and that the facts it needs to establish in order to prevail are already limited; however, EVOX suggests that the presentation of evidence at trial can be expedited if the parties stipulate to EVOX's ownership of the copyright registrations at issue.

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

### B. Stanford's Statement

Stanford anticipates moving for summary judgment on all of EVOX's claims, which Stanford submits would obviate the need for trial entirely. If not, Stanford will work with EVOX's counsel on appropriate stipulations as to EVOX's alleged ownership of copyright in the images at issue.

## XV. SCHEDULING

Pursuant to the Court's Civil Standing Order (updated March 2, 2026), the Parties submit the following proposed schedule consistent with the Court's default schedule (*e.g.*, Close of Fact Discovery 227 days before trial, etc.).

| Event | Deadline |
|---|---|
| Close of Fact Discovery | January 22, 2027 |
| Opening Expert Reports | February 5, 2027 |
| Rebuttal Expert Reports | March 12, 2027 |
| Close of Expert Discovery | April 2, 2027 |
| Deadline to File Dispositive/Daubert Motions | April 23, 2027 |
| Last Day to Hear Dispositive/Daubert Motions | June 16, 2027 |
| Joint Pretrial Conference Statement | August 4, 2027 |
| Pretrial Conference | August 11, 2027 |
| Trial | August 30, 2027 |

## XVI. TRIAL

### A. EVOX's Statement

EVOX has demanded a trial by jury.

### B. Defendants' Statement

Stanford acknowledges EVOX's jury demand, and while it does not anticipate the need for trial in this action, if the action does proceed to trial, Stanford believes it can be concluded in five (5) trial days.

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 5:24-cv-09521-NW

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. EVOX's Statement

EVOX has filed its Certification of Interested Entities or Persons. (ECF No. 3.) EVOX is not aware of any persons or entities that have (a) a financial interest in the subject matter in controversy or in a party to the proceeding, or (b) any other kind of interest that could be substantially affected by the outcome of the proceeding (other than the parties themselves).

### B. Stanford's Statement

Stanford has filed its Certification of Interested Entities or Persons. (ECF No. 27). Stanford certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

## XVIII. PROFESSIONAL CONDUCT

### A. EVOX's Statement

Counsel for EVOX has reviewed the Guidelines for Professional Conduct for the Northern District of California.

### B. Stanford's Statement

Counsel for Stanford has reviewed the Guidelines for Professional Conduct for the Northern District of California.


DATE: April 7, 2026

**CALLAHAN & BLAINE, PC**

By:

Michael Sachs
Jason Casero
Attorneys for Plaintiff EVOX PRODUCTIONS LLC

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 5:24-cv-09521-NW

DATE:  April 7, 2026

**KILPATRICK TOWNSEND & STOCKTON LLP**

By: */s/ Joseph Petersen*

Joseph Petersen (Bar No. 304597)
1302 El Camino Real, Suite 175
Menlo Park, CA  94025
Telephone:  (650) 614-6427
Jpetersen@ktslaw.com

-and-

Kollin J. Zimmerman
(Bar No. 273092)
1801 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone:  (310) 248-3830

-and-

Sara K. Stadler
(Appearance *Pro Hac Vice*)
Briggs M. Wright
(Appearance *Pro Hac Vice*)
3 Times Square
New York, NY  10036
Telephone:  (212) 775-8700
sstadler@ktslaw.com
briggs.wright@ktslaw.com

Attorneys for Defendant
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY

## **ATTESTATION**

I, Jason Casero, am the ECF User whose identification and password are being used to file the foregoing document. Pursuant to Civil Local Rule 5-1 (i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained.

DATE: April 9, 2026

**CALLAHAN & BLAINE, PC**

By:

Michael Sachs
Jason Casero
Attorneys for Plaintiff EVOX PRODUCTIONS
LLC

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
FAX: (714) 241-4445

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 19900 MacArthur Blvd., Suite 1200, Irvine, CA 92612.

**On April 9, 2026**, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

**Briggs Marvin Wright** — briggs.wright@ktslaw.com
**Joseph Edward Petersen** — jpetersen@ktslaw.com; agarcia@ktslaw.com; dboss@ktslaw.com
**Sara K. Stadler** — sstadler@ktslaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 9, 2026**, at Irvine, California.

_____
Maria Martinez