# EXHIBIT 2

**KILPATRICK TOWNSEND & STOCKTON LLP**
Joseph Petersen (SBN 304597)
*jpetersen@ktslaw.com*
1302 El Camino Real, Suite 175
Menlo Park, California 94025
Telephone: (650) 614-6427
Facsimile: (650) 644-0570

Kollin J. Zimmermann (SBN 273092)
*kzimmermann@ktslaw.com*
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Sara K. Stadler (admitted *pro hac vice*)
*sstadler@ktslaw.com*
Briggs M. Wright (admitted *pro hac vice*)
*briggs.wright@ktslaw.com*
3 Times Square
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

Counsel for Defendant The Board of Trustees of the Leland Stanford Junior University, sued as The Leland Stanford Junior University

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVOX PRODUCTIONS LLC, a Delaware corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>THE LELAND STANFORD JUNIOR UNIVERSITY and DOES 1–10,<br><br>*Defendants*. | Case No. 5:24-cv-09521-NW<br><br>**DEFENDANT THE LELAND STANFORD JUNIOR UNIVERSITY'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant The Board of Trustees of the Leland Stanford Junior University, sued as The Leland Stanford Junior University ("Stanford"), answers the Second Amended Complaint ("SAC") filed by Plaintiff EVOX Productions LLC ("EVOX"), ECF No. 67, as follows:

1. Stanford admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Otherwise denied.

2. Admitted.

3. Admitted.

4. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the SAC and therefore denies those allegations.

5. Admitted.

6. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the SAC and therefore denies those allegations.

7. Denied.

8. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the SAC and therefore denies those allegations.

9. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the SAC and therefore denies those allegations.

10. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the SAC concerning what "EVOX discovered," and when, and therefore denies those allegations. Otherwise denied.

11. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the SAC and therefore denies those allegations.

12. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the SAC and therefore denies those allegations.

13. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the SAC and therefore denies those allegations.

14. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the SAC and therefore denies those allegations.

15. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the SAC and therefore denies those allegations.

16. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the SAC concerning what "EVOX discovered" and therefore denies those allegations. Otherwise denied.

17. Admitted that Stanford developed an object recognition algorithm. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the SAC concerning "EVOX's investigation" and therefore denies those allegations. Otherwise denied.

18. Admitted that Stanford made datasets available for academic research purposes only, subject to Stanford's terms and conditions, at http://imagenet.stanford.edu/streetview/car_dataset/ and http://imagenet.stanford.edu/internal/annotations/annotations.zip. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 18 of the SAC concerning the number of Images and therefore denies those allegations. Otherwise denied.

19. Denied.

20. Denied.

21. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the SAC and therefore denies those allegations.

22. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the SAC and therefore denies those allegations.

23. Admitted that Stanford made datasets available for academic research purposes only, subject to Stanford's terms and conditions, at https://ai.stanford.edu/~jkrause/cars/car_dataset.html. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the SAC concerning what "EVOX learned" and therefore denies those allegations. Otherwise denied.

24. Admitted that a dataset was named the "Stanford Cars Dataset." Otherwise denied.

25. Denied.

26. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the SAC and therefore denies those allegations.

27. Denied.

28. Denied.

29. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the SAC and therefore denies those allegations.

30. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the SAC and therefore denies those allegations.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the SAC concerning the unidentified "article" and therefore denies those allegations. Otherwise denied.

39. Denied.

40. Admitted.

41. Stanford incorporates its averments in the previous paragraphs by reference as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Stanford incorporates its averments in the previous paragraphs by reference as if fully set forth herein.

51. Denied.

52. Denied.

53. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the SAC concerning what "EVOX has confirmed" and therefore denies those allegations. Otherwise denied.

54. Denied.

55. Stanford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the SAC and therefore denies those allegations.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63-71. To the extent the allegations in Paragraphs 63 through 71 of the SAC purport to state a claim against Stanford for contributory copyright infringement on an inducement theory, Stanford need not answer those allegations because the Court dismissed that claim with prejudice in its Order dated March 3, 2026 (*see* Dkt. 74), on Stanford's motion to dismiss. *See* Dkt. 68. If the Court later determines an answer is required, Stanford incorporates its averments in the previous paragraphs by reference as if fully set forth herein, and denies the allegations of contributory copyright infringement in Paragraphs 63 through 71 of the SAC.

72. Denied.

To the extent an answer to the paragraphs in EVOX's Prayer for Relief is required, Stanford denies each of those allegations and states that EVOX is not entitled to any of the relief it seeks.

In further answer to the SAC, Stanford relies upon the following affirmative defenses, the assertion of which shall not constitute an admission that Stanford bears the burden of proof with respect to any of those defenses:

**FIRST DEFENSE**

EVOX fails to state claims upon which relief may be granted.

**SECOND DEFENSE**

EVOX does not own any protectable rights or interests in the works in which it claims copyrights ("EVOX's Alleged Works").

**THIRD DEFENSE**

Any alleged use of EVOX's Alleged Works constituted fair use under 17 U.S.C. § 107.

**FOURTH DEFENSE**

EVOX's contributory infringement claim fails to the extent it does not prove the alleged underlying acts of direct infringement.

**FIFTH DEFENSE**

EVOX's contributory infringement claim fails to the extent it does not prove Stanford knew of the alleged underlying acts of direct infringement.

**SIXTH DEFENSE**

EVOX's contributory infringement claim fails to the extent it does not prove Stanford materially contributed to the alleged underlying acts of direct infringement.

**SEVENTH DEFENSE**

EVOX's contributory infringement claim fails to the extent it does not prove Stanford's alleged conduct is tailored to infringement. *Cox Commc'ns, Inc. v. Sony Music Ent.,* 607 U.S. ___ (2026).

**EIGHTH DEFENSE**

EVOX's claims are barred by the equitable doctrines of acquiescence, waiver, estoppel, and unclean hands.

**NINTH DEFENSE**

EVOX fails to state claims for damages, EVOX failed to mitigate its alleged damages, and any alleged damages EVOX suffered were caused, in whole or in part, by acts or omissions of EVOX or its agents or representatives.

**TENTH DEFENSE**

To the extent EVOX did not seek registration of EVOX's Alleged Works either (a) before the alleged infringements of unpublished works commenced or (b) within three months after the first publication of published works, that failure bars EVOX's claims for statutory damages and attorneys' fees under 17 U.S.C. §§ 412, 504(c), and 505.

**ELEVENTH DEFENSE**

To the extent any acts alleged in the SAC were performed by individuals not acting within the scope of their employment or agency with Stanford, Stanford is not liable for such acts.

**TWELFTH DEFENSE**

EVOX is barred from pursing its claims, in whole or in part, by the statute of limitations under the Copyright Act, 17 U.S.C. § 507(b).

WHEREFORE, Stanford requests the following relief:

A. That the Court enter judgment in Stanford's favor, with EVOX taking nothing on any of its claims;

B. That the Court dismiss each of EVOX's claims with prejudice;

C. That the Court award Stanford its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d); and

D. That the Court award such other and further relief as it deems just and proper.

DATED: ~~March 31~~ October 9, 2026

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Joseph Petersen*
Joseph Petersen

Counsel for Defendant The Board of Trustees of the Leland Stanford Junior University, sued as The Leland Stanford Junior University

| **Summary report:**<br>**Litera Compare for Word 11.16.3.1 Document comparison done on 10/8/2026 1:13:54 PM** | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://ktslaw.cloudimanage.com/us1/155575958/3 - [Draft] Answer and Affirmative Defenses.docx | |
| **Modified DMS:** iw://ktslaw.cloudimanage.com/us1/155575958/4 - [Draft] First Amended Answer and Affirmative Defenses.docx | |
| **Changes:** | |
| Add | 5 |
| Delete | 1 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 6 |